Augusta FAIR and Henry Fair, Administrators of the Estate of Esther Sharp, Deceased, Plaintiffs,

v.

TRANS WORLD AIRLINES, Inc., a Delaware corporation, United Air Lines, Inc., a Delaware corporation, and United States of America, Defendants.

Civ. A. No. 3547.

United States District Court
E. D. Illinois.
Nov. 25, 1957.

Dreman & Sterling, Belleville, Ill., for plaintiff.

Pope & Driemeyer, East St. Louis, Ill., Kirkland, Fleming, Green, Martin & Ellis, Chicago, Ill., Kramer, Campbell, Costello & Wiechert, East St. Louis, Ill., and C. M. Raemer, U. S. Atty., James B. Moses, Asst. U. S. Atty., East St. Louis, Ill., for defendants.

JUERGENS, District Judge.

Jurisdiction of this court as to the defendants Trans World Airlines, Inc., and United Air Lines, Inc., exists by virtue of diversity of citizenship. The plaintiffs are residents of the State of Illinois, as was their intestate, Esther Sharp. The defendants are corporations incorporated under the laws of the State of Delaware. The amount in controversy

fairly exceeds the sum of $3,000, exclusive of interest and costs.

Jurisdiction of this court as to the defendant United States of America exists by virtue of the Federal Tort Claims Act, Title 28 U.S.C. § 1346(b).

On July 30, 1956, the plaintiffs filed their three-count complaint for the wrongful death of their intestate, Esther Sharp, which, it is alleged, was caused by the negligence of the defendants. Count I is directed against Trans World Airlines, Inc., Count II against the United Air Lines, Inc., and Count III against the United States of America.

Defendants Trans World Airlines, Inc., and United Air Lines, Inc., filed their respective answers to the complaint. Defendant United States of America filed its answer to the complaint and its cross-claim against the defendants Trans World Airlines, Inc., and United Air Lines, Inc. United Air Lines, Inc., then filed its answer to the cross-claim. Trans World Airlines, Inc., filed its answer to the cross-claim and filed its cross-claim against the United States of America.

On June 28, 1957, plaintiffs, with leave of court, filed their amended complaint to which the defendant United Air Lines, Inc., filed its answer.

Plaintiffs then filed their motion to dismiss Count III of their amended complaint without prejudice, and the United States of America, the defendant named in said count, filed its motion to withdraw its answer to the plaintiffs' complaint as amended, and withdraw its cross-claim against Trans World Airlines, Inc., and United Air Lines, Inc.

Dismissal of actions is provided for by the Federal Rules of Civil Procedure, Title 28 U.S.C., Rule 41. Rule 41(a) provides:

"(a) Voluntary Dismissal: Effect Thereof.

"(1) By plaintiff; by Stipulation. Subject to the provisions of Rule 23(c), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

"(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

Rule 41(c) provides:

"(c) Dismissal of Counterclaim, Cross-Claim, or Third-Party Claim. The provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim. A voluntary dismissal by the claimant alone pursuant to paragraph (1) of subdivision (a) of this rule shall be made before a responsive pleading is served or, if there is none, before the introduction of evidence at the trial or hearing."

Plaintiffs' motion will be first considered.

■■ Answers have been filed in the cause. Therefore, the right of dismissal by the plaintiff is controlled by Rule 41(a) (2), and since no counterclaim has been filed against the plaintiffs, dismissal or non-dismissal of the action must be determined through the exercise of the court's discretion. Young v. Wilky Carrier Corp., 3 Cir., 150 F.2d 764. In the exercise of this discretion the court is duty bound to consider the rights of the respective parties to the litigation. Piedmont Interstate Fair Ass'n v. Bean, 4 Cir., 209 F.2d 942.

■ The history of the proceedings up to this time discloses the filing of the original complaint and the answers of the respective defendants thereto, a cross-claim by the United States against United Air Lines, Inc., and Trans World Airlines, Inc., and a cross-claim by Trans World Airlines, Inc., against the United States. The claimant then asked for, and was granted, permission to file an amended complaint to which United Air Lines, Inc., filed its answer. It was not until this stage of the pleadings that the plaintiffs made their motion to dismiss Count III of the complaint, which would dismiss the United States out of the suit. It is apparent that the plaintiffs have not acted with all due diligence to effect the dismissal of the United States from the suit. The United States does not object to its being dismissed from the suit, but rather favors dismissal inasmuch as a suit against it has been brought in a forum more convenient to it, namely, in the District Court in Washington, D. C. There have been no depositions taken in the cause, nor does there appear to have been extensive work performed on the preparation of the cause for trial as a result of the United States being a party to the action which would not have been otherwise required had the United States not been a party. It does not appear that United Air Lines, Inc., will be unduly prejudiced by a dismissal of the United States from the suit since they have no crossclaim or counter-claim on file. Trans World Airlines, Inc., has filed a cross-claim against the United States and may well be prejudiced by dismissal of the action if their cross-claim were also dismissed. However, such is not the case. The cross-claim will be retained for separate trial, and the rights which Trans World Airlines, Inc., assert in their cross-claim will be determined in such trial. It is, therefore, the opinion of the court that Trans World Airlines, Inc., rights will not be unduly prejudiced. In weighing the equities and making a decision which seems fairest under all the circumstances and exercising the discretion allowed to the court, the court is of the opinion that the plaintiffs' motion to dismiss Count III of the amended complaint should be allowed.

Jurisdiction of the cross-claim of Trans World Airlines, Inc., against the United States will be retained by the court and will be tried separately.

■ The motion of the United States of America to withdraw its answer to the plaintiffs' complaint as amended and to withdraw its cross-claim against Trans World Airlines, Inc., must be considered in the light of Rule 41(c), Title 28 U.S.C. Since answers have been filed to this cross-claim, dismissal thereof is within the sound discretion of the court. 2 Barron & Holtzoff, Federal Practice and Procedure, Section 922. In the exercise of this discretion the court must again consider the relative positions of the parties and determine whether prejudice will develop therefrom. Since a cross-claim has been filed by Trans World Airlines, Inc., against the United States, the cross-claim of the United States may be adequately protected. There appears no reason why the United Air Lines, Inc., would in any manner be prejudiced by a dismissal of the United States' cross-claim against them. Since the cross-claim of the Trans World Airlines, Inc., against the United States will be retained for determination by the court, it does not appear that the rights

of Trans World Airlines, Inc., will be prejudiced by the allowance of the motion of the United States to dismiss its cross-claim. Therefore, the motion of the United States of America will be allowed.

Pursuant to the authority granted to the court by Rule 42(b) which provides:

"(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

The cross-claim of Trans World Airlines, Inc., will be tried separately in the furtherance of convenience and to avoid prejudice. The court, therefore, orders separate trials as to the action of the plaintiffs in this suit against the defendants United Air Lines, Inc., and Trans World Airlines, Inc., and the cross-claim of Trans World Airlines, Inc., against the United States of America.