Van Voorhis, J.
This is an action under section 167 of the Insurance Law to recover by reason of personal injuries sustained by four passengers in a collision between a bus and a motor truck. One of these passengers, named Young, obtained a judgment against Central Greyhound Lines, Inc., and Dorp Motors, Inc., as joint tort-feasors, paid by Central, which procured a judgment for contribution against Dorp under section 211-a of the Civil Practice Act (now CPLE 1401). That is one of the items for which plaintiff sues Dorp’s insurance carrier in this action. The other three passengers, named Thomas, Demarest and Eimess, likewise sued Central and Dorp, but the judgment which they obtained against both was reversed on appeal as against Central. The reversal did not exonerate Central from liability to these passengers, however, inasmuch as a new trial was granted. Dorp did not appeal; consequently the judgment in favor of the passengers remained against Dorp while Central awaited a new trial. At that point Central settled with these passengers, taking releases from them of any liability of Central as a joint tort-feasor of Dorp, and assignments of their judgment against Dorp. Plaintiff-respondent has succeeded by merger to the rights and liabilities of Central. In addition to suing Dorp’s insurance carrier on the Young judgment based on contribution under section 211-a of the Civil Practice Act, this action is also brought to recover in the right of the three last-named injured passengers whose judgment against Dorp was assigned to plaintiff-respondent as part of the settlement which Central made with them. The transfer of these three claims rests on a different footing from the Young judgment in view of the previous reversal of their judgment against Central. Central paid the Young judgment while it was in effect against Central and Dorp. The other passengers were paid while they had judgment against Dorp only. In the Young case, contribution between joint tort-feasors was enforced pursuant to section *385 211-a of the Civil Practice Act; in the cases of the other passengers, contribution or indemnity is proposed to be enforced without the aid of that section.
Plaintiff, having merged with Central, stands in its shoes and is, in effect, asserting an alleged liability of Dorp to it as a joint tort-feasor. The settlement with these three passengers in the bus was to discharge Central from liability as a joint tort-feasor with Dorp and, for the purposes of this action, plaintiff must be deemed to have been a joint tort-feasor. If this action may be maintained as assignees of those three passengers, it signifies that, in spite of the common-law rule against contribution between joint tort-feasors (Baidach v. Togut, 7 N Y 2d 128) and the limited right of contribution permitted by former section 211-a of the Civil Practice Act, contribution can be accomplished by one joint tort-feasor’s settling with the injured party where the latter has a judgment against the other if an assignment is taken of the judgment against the other joint tort-feasor. This, in our view, is not authorized by former section 211-a of the Civil Practice Act and, therefore, cannot be permitted.
Notice was not given to the insurance company (by Dorp) until October 11, 1954—some 105 days after the accident. Ordinarily that would be so great a lapse of time as to constitute as matter of law a violation of the condition in the policy that written notice of the accident shall be given to the insurance carrier “as soon as practicable”. Here, however, the truck which collided with the bus was not owned at the time of the accident by Dorp which had allowed its license plates to go to the purchasers with the truck. Less than five days after Dorp had sold the truck, the accident occurred. A dealer was permitted by statute to allow the use of dealer plates under these circumstances for a period of five days, subject to certain other conditions, provided that he mails to the Commissioner of Motor Vehicles a verified statement of the transaction before delivering the vehicle to the vendee (Vehicle and Traffic Law, former § 63, now § 416). That was omitted in this instance, as it was by the dealer in Switzer v. Aldrich (307 N. Y. 56), where the accident likewise happened before the expiration of five days. This was not a Reese v. Reamore (292 N. Y. 292) situation, where the dealer and the purchaser had entered into an illegal conspiracy *386 to allow the purchaser to use the dealer’s plates to enable the purchaser to obtain license plates later at half price, and the accident occurred 51 days after the sale with no effort on the part of- anyone to- comply with the requirements of the statute. Here the plates were loaned merely to enable the purchasers to have the truck weighed so that the purchasers could get a license which could only be obtained after getting a weight slip. Three tittles in two days before the accident, which happened on the third day, Dorp endeavored to recover the dealer’s plates but did not succeed in finding the purchasers. The facts in this case resemble those in Switzer v. Aldrich more than Reese v. Reamore. The question of liability, under such circumstances, was so questionable that the complaint in Switzer v. Aldrich was unanitiiously dismissed by the Appellate Division, Third Department, in a memorandum opinion which expressly distinguished Reese v. Reamore. Until this court reversed- (Switzer v. Aldrich, 307 N. Y. 56) on May 20, 1954, it was not unreasonable to believe that there was no liability of Dorp under the facts presented and notwithstanding the decision in Reese v. Reamore in 1944. Switzer v. Aldrich had been decided in this court almost immediately before the accident in suit occúrredí In Gluck v. London & Lancashire Ind. Co. (2 N Y 2d 953) we held that a question of fact was created concerning whether a delay in giving notice of about four and one-half months after the accident was excused Oti account of lack of knowledge of the insured of the existence of liability of insurer. The facts regarding insurance coverage In the Gluck case were undisputed, so that the uncertainty concerning liability of the carrier arose in regard to a question of law. Countenancing delay on account of uncertainty concerning primary liability or insurance coverage should be indulged sparingly by the courts, but under the circumstances presented here we agree with the Appellate Division that a question was presented for the trier of the fact whether notice was given within the terms of the policy as soon as practicable. (See Lauritano v. American Fid. Fire Ins. Co., 3 A D 2d 564, affd. 4 N Y 2d 1028; Brennan v. Travelers Ins. Co., 295 N. Y. 849.)
The order appealed from should be modified by dismissing so much of the cause of action as is based on the assignment to plaintiff of the claims and judgment against Dorp of Margaret Claire Thomas, Albert Demurest arid Jean Bimess. Insofar as' *387 the recovery is based on contribution by Dorp pursuant to section 211-a of the Civil Practice Act on the judgment of Amanda Young, the order should be affirmed. The first question certified should be answered in the negative and the second question certified answered in the affirmative.