HESKETH GOMES

v.

CANUTE A. BRODHURST and ANDERSON STANLEY

CANUTE A. BRODHURST, Appellant

No. 16,138

United States Court of Appeals

Third Circuit

Argued February 1, 1967

Filed March 31, 1967

*See, also, 394 F.2d 465*

JOHN D. MARSH, ESQ. (YOUNG, ISHERWOOD & MARSH), Christiansted, St. Croix, Virgin Islands, *for appellant*

GEORGE N. FOSTER, ESQ., Christiansted, St. Croix, Virgin Islands, *for appellee*

Before MARIS, FREEDMAN and COFFIN,* *Circuit Judges*

COFFIN, *Circuit Judge*

### OPINION OF THE COURT

A week before trial of a negligence action against two defendants, plaintiff executed a document in favor of one defendant entitled "Covenant Not To Sue", accepted $9,750 from him, and on the eve of trial withdrew his complaint as against that defendant. The other defendant, appellant in this case, moved for production of the document and amended his answer to allege that plaintiff had been fully compensated.

At trial the document was not shown to the jury or alluded to. The court refused to allow defendant's counsel to ask plaintiff if he had received payment. The jury returned a verdict for plaintiff against both defendants in the amount of $50,000.[1] The court then reduced the verdict by $9,750, the amount set forth in the so-called "Covenant Not To Sue".

The first issue posed by this appeal is whether, as a matter of law, the covenant not to sue ran only to appellant's co-defendant. Appellant contends that the document clearly ran to him and, if not, a question of fact as to the intent of the parties should have been presented to the jury. On the record before us it does not appear that appellant successfully preserved his right to press the latter position here, but that is of no moment in the light of our conclusion.

We conclude that the trial judge properly construed the documents as a covenant running only to the named

---

* Of the First Circuit, sitting by designation.

[1] Notwithstanding plaintiff's "Withdrawal of Action" above referred to, the court put special questions to the jury as to the negligence of each defendant.

defendant. The relevant portions of the document provided:

"For . . . $9750.00, . . . the undersigned does hereby covenant . . . to forever refrain from . . . prosecuting or in any way aiding any claim or suit against ANDERSON STANLEY . . . and all agents, successors and assigns of his, and all other persons, firms and corporations for whose acts or to whom they or any of them might be liable, (hereinafter referred to as said parties), [on account of the accident in question] . . . .

For said consideration it is hereby further agreed: . . . *that all rights which the undersigned may have to proceed against parties other than said parties hereto are expressly reserved; . . . .*" (Emphasis in the original.)

The document is not an example of adept draftsmanship. The reference to "successors" is one example of inappropriate language. But the language that causes the difficulty is that which appellant seizes on to bring himself within the scope of plaintiff's undertaking. He argues that, since plaintiff agreed to refrain from suing a person "to whom . . . [Stanley] might be liable", and since Stanley as a joint tort-feasor would be liable to appellant for contribution (indeed, would be liable to no other person), appellant is included in the class sought to be protected. Appellant also argues that, since the reservation clause uses the words "said parties", he is also included in the exception to the reservation.

Were this the correct interpretation of the document, the most prominent part—the underlined clause reserving rights to proceed against "parties other than said parties" —would have no meaning whatsoever. We think the trial court correctly interpreted the document as a covenant running only to the defendant named therein. Were extrinsic evidence relevant, it would be supplied by plaintiff's action in attempting to withdraw his action against Stanley only.

165

■ The second issue in the case is whether it was error for the judge not to have allowed counsel to inquire on the issue whether plaintiff considered his settlement with Stanley as full satisfaction. Appellant places justifiable stress on the opinion of Associate Justice Rutledge in McKenna v. Austin, D.C. Cir., 1943, 134 F.2d 659. He fairly quoted the following language:

"Whether the settlement is made and accepted as full satisfaction or merely as the best obtainable compromise for the settler's liability is the crucial issue, and ordinarily one of fact. If, however, the agreement's terms leave no room for doubt, the decision should be made as a matter of law." Id. at 664.

In this case, as we have indicated in discussing the first issue, we say that the document itself leaves no room for doubt. The judge properly ruled in effect that under the facts of this case, plaintiff, as a matter of law, did not accept the $9,750 (or the promise to pay this amount) in full satisfaction of his injuries.