**GREAT NORTHERN PAPER COMPANY and the Employers' Liability Assurance Corporation, Ltd.**

v.

**The BABCOCK & WILCOX COMPANY, J. E. Sirrine Company, and the Travelers Insurance Company.**

**Civ. A. No. 11827.**

United States District Court
N. D. Georgia,
Atlanta Division.

Dec. 26, 1968.

**68**

Long, Weinberg & Ansley, Atlanta, Ga., for plaintiffs.

Neely, Freeman & Hawkins, Atlanta, Ga., for Travelers & The Babcock & Wilcox Co.

Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S. C., Perry, Walters, Langstaff & Lippitt, Albany, Ga., Jones, Bird & Howell, Atlanta, Ga., for Sirrine.

## ORDER

EDENFIELD, District Judge.

This is a diversity action for "declaratory judgment and damages" pursuant to 28 U.S.C. § 2201, brought by Great Northern Paper Company and Employers' Liability Assurance Corporation against Babcock & Wilcox Company (hereinafter called B & W), J. E. Sirrine Company and the Travelers Insurance Company.

The facts, necessarily sketchy because of the state of the record, are as follows. S. W. Kirkland, a carpenter employed by B & W, was building a scaffold in the performance of his employer's construction contract for steam pipe insulation in Great Northern's Cedar Springs, Georgia paper mill. An explosion in the steam system occurred, at a time when Great Northern was to have shut down the system for routine service. The explosion resulted in serious burns to Kirkland, who brought suit in the United States District Court for the Middle District of Georgia asking damages of $75,000. He alleges the negligence of Great Northern and the Benjamin F. Shaw Company, which had manufactured a drop leg and flange assembly, the alleged malfunction of which helped cause the explosion. The complaint was later amended to include J. E. Sirrine Company, which designed the piping system, including Shaw's drop leg and flange.

Prior to the accident, B & W, the contractor, had entered into an indemnity contract with Great Northern, under which B & W was to obtain insurance

protecting Great Northern against any damage from accidents occurring from work under the construction contract. In compliance with the indemnity contract, B & W secured coverage for Great Northern through a Travelers Insurance policy. It also appears that J. E. Sirrine Company entered into an agreement with Great Northern under which they also agreed to indemnify Great Northern against any loss from injuries resulting from any labor "under or in connection with this order." There is no indication in the record of any insurance taken out by Sirrine in compliance with this agreement.

After the Kirkland suit arose, Great Northern demanded that Employers' Liability Assurance Corporation assume its defense. Employers' was Great Northern's regular continuing insurer, providing, among other things, bodily injury liability coverage "with respect to any part of the loss of the insured for bodily injuries for which there is not in effect such other insurance or agreement." Employers' has assumed the defense of Great Northern.

Great Northern and Employers' jointly demanded that B & W, Sirrine, and Travelers assume the defense of, and any damages arising from, the Kirkland action, in accordance with the indemnity agreements mentioned above. The defendants have refused to do so.

Thus, plaintiffs now bring this action for declaratory judgment, asking this court to find that Kirkland's injuries are covered by the Travelers policy issued pursuant to the Great Northern—B & W indemnity agreement; that Travelers must assume the defense of Great Northern and pay Great Northern and Employers' for any judgment which may be rendered against them by Kirkland; that B & W be required to reimburse plaintiffs for any losses; and that Sirrine be required to indemnify Great Northern against any loss.

Travelers has responded to plaintiffs' motion for declaratory judgment by moving to strike the complaint for failure to state a claim. This latter motion is accompanied by a "brief in support of motion to dismiss of the Travelers Insurance Company". In their brief, Travelers argues, in short, that they cannot be forced to litigate questions of insurance coverage until there has been an adjudication of liability as to B & W, the insured; that the third-party suit by Great Northern against B & W adjudicates only liability under an indemnity contract, for which Travelers is not a necessary party; and that under state law, an insurer cannot be joined as a party in an action against an alleged tortfeasor absent statutory allowance or a provision in the insurance policy.

■ A motion to strike, under Rule 12(f) of the Federal Rules of Civil Procedure, relates only to "any insufficient defense" or to "redundant, immaterial, impertinent or scandalous matter" within the pleadings. Motions to strike are viewed with disfavor by the courts and they are generally denied unless the allegations attacked have no possible relation to the controversy and may prejudice the other party. Wright, Federal Courts, Ch. 10, § 66, and cases cited therein. However, the defendant's accompanying brief, both by title and content, is in the nature of a motion to dismiss. The Federal Rules were not meant to throw litigants out of court on fastidious grounds. Thus, this court will consider the defendant's motion as one to dismiss. So considered, this court is of the opinion that the motion should be granted. Our ruling is strictly limited to the advisability of a declaratory judgment as to Travelers.

■ In essence, the plaintiffs are asking this court to require Travelers to defend Great Northern and to reimburse Great Northern and Employers' for any losses suffered as a result of the Kirkland suit. This the court cannot do for several reasons.

First, any question of Travelers' liability to indemnify the plaintiffs is premature at this point. It is possible that in the action on Kirkland's suit Great Northern will be found not liable, or B & W's indemnity contract with Great Northern may be inapplicable to an injury such as that suffered by Kirkland. Thus, Travelers may never be liable at all. In fact, the liability of all of the defendants does not even come into question until and unless Great Northern is held liable for Kirkland's injuries. The court should not pass on questions of insurance coverage and liability for indemnification when the contingencies giving rise to them may never occur. To do so would amount to an advisory opinion, which this court cannot give. Muskrat v. United States, 219 U.S. 346, 31 S. Ct. 250, 55 L.Ed. 246 (1910).

It may well be true that Travelers and plaintiffs are in a dispute about Travelers' obligations, but this dispute does not become a relevant "case or controversy" for judicial purposes until underlying liability is established. As the Fifth Circuit has put it:

"* * * [I]t is not the function of a United States District Court to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass." American F. & C. Co. v. Pennsylvania T. & F. Mut. Cas. Ins. Co., 280 F.2d 453 (5th Cir. 1960).

Nor can this court require Travelers to defend Great Northern when Employers' has already assumed that responsibility under its own policy. Having assumed the burden of defense, it cannot now seek to find another insurer, under a separate policy, to take over the burden. Employers' should not be permitted to "engraft itself upon the contract to which it was not party in the hopes that what it bound itself to do, it need not perform." American F. & C. Co., supra, at 455.

This court finds the logic of *American F. & C. Co.*, supra, controlling in this instant action. There, American Fire & Casualty was an insurer, under a fleet policy, for Clay, and Pennsylvania was an insurer, also under a fleet policy, for Britt. Britt leased a unit, complete with driver, from Clay. The Clay truck driven by Clay's employee on behalf of Britt caused an injury to plaintiff, who sued Clay and later, by amendment, Britt. Clay, at the instance of American, demanded that Britt and Pennsylvania assume the defense of the damage suits then pending against Clay only. Both declined. The parties had begun to litigate when American, defending Clay, asked for declaratory judgment against its insured, Clay, as well as against Britt, Pennsylvania and the plaintiff. American's objections were based upon the provisions found in both policies under which, so it contended, the Pennsylvania policy was primary and the American policy only excess. This is similar to the argument that Employers' wants decided in the instant case under its "Other Insurance—Coverage D". The Fifth Circuit affirmed the District Court ruling that declaratory judgment was inappropriate. The court found that there was, as yet, no legal liability since the damage suits were never tried, and that the clear obligation upon American to furnish a defense was distinct and separate from any ultimate payment of loss. The same would appear to be true in the instant case, for Coverage D goes only to payment of loss, which has yet to be adjudicated, not to assumption of the defense by Employers' which has already been assumed. Here, as in the *American F. & C. Co*. case, the "excess insurance clause" relates to the payment of loss, which has not been ruled upon, not to the defense.

American had not only asked for an adjudication on its obligation to defend Clay, it also wanted a declaration that Pennsylvania, the other insurer, was obligated to pay any judgment that might be rendered. Unlike the demand that Pennsylvania take over the defense,

which the court found "while groundless was a real and present controversy", the court held this request premature, as seeking "a declaration on a matter which might never arise." This court has come to the identical conclusion in the instant matter. Both the demand that Travelers assume the defense and the demand that it pay any judgment must be denied.

A possible third-party beneficiary arrangement for Great Northern in the insurance policy between Travelers and B & W has been raised. The court does not reach this issue because it goes to liability for a loss which may never arise. Only if Kirkland's suit is successful could Great Northern attempt to relieve itself of liability on a third-party beneficiary argument. Kirkland's success is a contingency the court should not presume. See *American F. & C. Co.*, supra, at 461.

Nor does the court decide the question of joinder. The motion to dismiss is concerned only with whether the plaintiffs may get a declaratory judgment of their rights with respect to Travelers. Regardless of whether joinder of Travelers is permissible, see Hoosier Casualty Co. of Indianapolis, Ind. v. Fox, 102 F.Supp. 214 (N.D.Iowa, 1952); United States Fidelity & Guaranty Co. v. Janich, 3 F.R.D. 16 (S.D.Cal., 1943); 6A Moore, Federal Practice, 3150–3152, ¶ 57.27, declaratory judgment cannot be given in this case, for the reasons previously discussed.

Since the court has only decided the narrow question of Travelers' liability and duty to defend, this judgment in no way affects B & W's potential liability under the indemnity contract and thus Travelers' eventual responsibility under their contract with B & W. Nor does it affect Sirrine. The court only decides that, for present purposes, a determination of Travelers' obligations cannot be given on declaratory judgment.

Defendant Travelers' motion, which has been treated as a motion to dismiss, is granted.