**Bill C. WAINWRIGHT et al.**

v.

**KRAFTCO CORPORATION (Formerly National Dairy Products Corp.) et al.**

No. 12278.

United States District Court,
N. D. Georgia,
Atlanta Division.

June 25, 1971.

Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Latimer, Haddon & Stanfield, Atlanta, Ga., for plaintiffs.

Chadwell, Keck, Kayser & Ruggles, Chicago, Ill., for Kraftco Corp., formerly National Dairy Products Corp.

King & Spalding, Atlanta, Ga., for National Dairy Products Corp.

Heyman & Sizemore, Atlanta, Ga., for Irvindale Dairies, Inc. as successor by merger to Miss Georgia Dairies, Inc.

Webb, Parker & Ferguson, Paul Webb, Jr., Atlanta, Ga., for Atlanta Dairies Cooperative and Cloverdale Dairy, Inc.

Fortson, Bentley & Griffin, Athens, Ga., for Better Maid Dairy Products, Inc.

Albert B. Wallace, Jonesboro, Ga., for R. L. Mathis Certified Dairy Co.

Sanders, Hester, Holley, Ashmore & Boozer, Atlanta, Ga., for Pet Inc.

Fisher & Phillips, Atlanta, Ga., for Farmbest, Inc., formerly known as Home Town Foods, Inc.

Wright, Walther & Morgan, Clinton J. Morgan, Rome, Ga., for Board of Education of City of Rome, Ga.

Hansell, Post, Brandon & Dorsey, Kent E. Mast, Carroll L. Wagner, Jr., John H. Boman, Jr., Atlanta, Ga., for Foremost-McKesson, Inc.

## ORDER

EDENFIELD, District Judge.

This is an antitrust suit brought by a class of city and county school boards alleging various conspiratorial violations of the federal antitrust laws by several named defendants, including Defendant Better Maid, as well as unnamed co-conspirators. Plaintiffs and Defendant

Better Maid presented a joint motion for approval pursuant to Rule 23(e),[1] a proposed covenant on the part of plaintiffs not to sue Better Maid, a stipulation for an order of dismissal and a proposed order of dismissal. The problem presented by this motion for approval of settlement is raised quite obviously in the motion. The motion states that as a condition precedent for settlement, this court must declare (1) that settling defendant Better Maid shall not be liable in contribution for any part of an amount subsequently paid by the non-settling defendants, (2) that the settlement shall not constitute a release of any of plaintiff's claims, and (3) that the settlement shall not remove Defendant Better Maid's sales from the computation of any damages recoverable from the other alleged co-conspirators. At the hearing plaintiffs and Better Maid again indicated that a condition precedent for settlement was a declaration by this court that Better Maid would not be liable in contribution to the other defendants in the event of a subsequent judgment or settlement regarding these defendants. This joint motion for approval of settlement requires a consideration of the court's role in making a Rule 23(e) determination and an examination of the case or controversy problem raised by the request for declaration.

 Rule 23(e) places on the court the responsibility of protecting the absent parties, and it gives the court the necessary discretion to fulfill this responsibility.[2] The questions to be considered by the court are: "(1) Whether there was any fraud or collusion in arriving at the compromise and (2) whether the compromise is fair, ade-

quate and reasonable." Percodani v. Riker-Maxson Corp., 50 F.R.D. 473, 477 (S.D.N.Y.1970). In making the necessary determination, the court is required to examine the situations of the parties involved in the settlement. It then must approve or disapprove the settlement. In the instant motion, the plaintiffs and Defendant Better Maid have attempted to force on the court a consideration of matters outside the scope of Rule 23(e). In this case the plaintiffs and Better Maid ask this court not merely to approve a settlement; rather, the "motion for approval" asks this court to make certain declarations which will be a condition precedent for any settlement. If the court declines to make the declarations, the parties have no settlement proposal. If the court does make the declarations favorable to plaintiffs' and Better Maid's interests, the court is asked to approve the settlement. Rule 23(e) clearly does not provide authority for the court making declarations of rights that are to be conditions precedent to a settlement. Indeed, Rule 23(e) authorizes the court to do no more than approve or disapprove the proposed settlement. In order to obtain a ruling concerning the request for a declaration of rights the issues would have to be presented in some context other than a Rule 23(e) motion for approval of settlement. At the present time, there is really no settlement that the parties alone are willing to agree on in the absence of the above-mentioned rulings. Thus, at this time there is nothing to be approved by the court. Consequently, this "motion for approval" must be denied.

Plaintiffs and Better Maid have argued that they could have filed an ac-

---

1. Rule 23(e) provides: *"Dismissal or Compromise.* A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

2. The test on appeal is whether the trial judge abused his discretion in approving or disapproving the settlement. Sheffield v. Itawamba County Board of Supervisors, 439 F.2d 35 (5th Cir. 1971).

tion for declaratory judgment pursuant to 28 U.S.C.A. §§ 2201, 2202 concerning the requested rulings above. Thus they contend the court should not put form over substance and refuse to issue the declaratory judgment in the context of this Rule 23(e) motion. For a number of reasons plaintiffs' and Better Maid's arguments are not persuasive.

■ First, in a Rule 23(e) motion the parties with which the court is primarily concerned are the class of plaintiffs and the settling defendant. The non-settling defendants really have no standing to object to a proposed settlement. Philadelphia Electric Co. v. Anaconda American Brass Co., 42 F.R.D. 324, 326, n. 1 (E.D.Pa.1967). Thus, if the court approved the settlement between plaintiffs and Better Maid, making the rulings requested, it might well be argued by plaintiffs and Better Maid, that the non-settling defendants had no standing to appeal the court's explicit declarations since they were made in the context of a Rule 23(e) motion for approval. At least there would be some confusion regarding this issue. On the other hand, if the requests for ruling are brought in the context of an action for declaratory judgment by either plaintiffs or Defendant Better Maid, the non-settling defendants would be adverse parties and unquestionably entitled to be heard and to appeal any ruling by this court.

■ Second, in a motion for a Rule 23(e) approval, the notice that is required is notice to the plaintiff class. A Rule 23(e) motion is not particularly concerned with the nonsettling defendants. Nor is a Rule 23(e) motion concerned with the possibility of additional defendants being named at a later date. The fact that defendants may be added after a settlement with some defendants would not preclude approval of a settlement pursuant to Rule 23(e). Nor would the approval of settlement be less binding in the event that additional defendants were named. However, if a declaratory judgment were filed questions

regarding the heretofore unnamed co-conspirators might well arise. For instance, the non-settling defendants might move pursuant to Rule 19(a) to join a heretofore unnamed co-conspirator on the grounds that a determination of the contribution issue should be made binding on these unnamed co-conspirators. Possibly, though not probably, a heretofore unnamed co-conspirator might move to be joined in a declaratory judgment action regarding non-settling defendant's rights of contribution. In a Rule 23(e) motion by the plaintiff and the settling defendants, there is no way for the non-settling defendants or unnamed co-conspirators who will likely become non-settling defendants to present the matters discussed above to the court. The distinctions between a Rule 23(e) motion for approval of settlement and a declaratory judgment are quite real. Plaintiffs and Defendant Better Maid have indicated no reason that would justify the court in causing the confusion that would result if these distinctions were obliterated.

■ Furthermore, even if the court did decide it could properly make declaratory rulings in the context of a Rule 23(e) motion for approval of settlement, the rulings requested by plaintiffs and Better Maid could not be made. In the first place, the whole question of whether the non-settling defendants may obtain contribution from Better Maid in the event of a final judgment against them, is contingent upon the plaintiff prevailing on the trial of the case. In Great Northern Paper Co. v. Babcock & Wilcox Co., 46 F.R.D. 67 (N.D.Ga.1968), this court was faced with an analogous situation. In *Great Northern*, the plaintiff was an employee of Babcock & Wilcox, a contractor performing work for Great Northern. Plaintiff was injured while working on the Great Northern job and sued Great Northern for negligence. Great Northern then brought a declaratory judgment action asking the court to declare that Babcock's insurance

carrier was liable on an indemnity agreement between Great Northern and Babcock & Wilcox. This court held:

"First, any question of Travelers' liability to indemnify the plaintiffs is premature at this point. It is possible that in the action on Kirkland's suit Great Northern will be found not liable, or B & W's indemnity contract with Great Northern may be inapplicable to an injury such as that suffered by Kirkland. Thus, Travelers may never be liable at all. In fact, the liability of all of the defendants does not even come into question until and unless Great Northern is held liable for Kirkland's injuries. The court should not pass on questions of insurance coverage and liability for indemnification when the contingencies giving rise to them may never occur. To do so would amount to an advisory opinion, which this court cannot give. * * * " 46 F.R.D. 67, 70.

The Fifth Circuit's ruling in American F. & C. Co. v. Pennsylvania T. & F. Mut. Cas. Ins. Co., 280 F.2d 453 (5th Cir. 1960), supports this holding. In *American F. & C. Co.*, Clay, a motor carrier, leased a driver and truck to Britt, another motor carrier. Clay's driver was involved in a collision which resulted in the filing of suit against Clay and Britt. Clay's carrier then instituted a declaratory judgment action requesting the court to declare that Britt's insurance carrier had a duty to defend the suit and a duty to pay any judgment rendered. The Fifth Circuit held that the district judge properly refused to rule regarding whether Britt's insurance carrier would pay any judgment if any were rendered, because

" * * * [I]t is not the function of a United States District Court to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass." 280 F.2d at 461.[3]

Plaintiffs have relied extensively on two cases which they claim require a finding of case or controversy here. The two cases actually serve to point out another reason why a declaratory judgment cannot be given here. In the first case, Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937), the Supreme Court ruled that a district court could give a declaratory judgment concerning whether an insured met the "disability" definition of his life insurance policy so as to come within the policy's waiver of premium provisions. The *Aetna* case is different from the instant case in one very important respect. In *Aetna* the dispute was over specific facts and the application of a specific provision of an existing contract to these facts. The parties did not know how to proceed under the contract because they could not agree on the results of the application of an existing contract to existing facts. In the instant case the dispute is not over the application of an existing contract to disputed facts. There is no existing contract; and there are no disputed facts regarding the application of the *proposed* contract. Rather, the court is asked to tell the parties what their rights will be under the law *if* the parties enter into a settlement agreement.[4]

---

3. The holding could be read as indicating the extent of the trial judge's discretion in declining to issue a declaratory judgment rather than a decision delimiting the district court's "case or controversy" jurisdiction.

4. As stated above, it is apparent that a settlement agreement does not now exist. The requested declarations are conditions precedent to the agreement. In this part of the opinion the court is assuming that plaintiffs' and Defendant Better Maid's Rule 23(e) motion could be treated as an action for a declaratory judgment. If it were so characterized, no settlement agreement would actually be in existence at the time the court was called upon to make the requested declaration.

There is no real dispute between the plaintiffs and Better Maid regarding the settlement, or the rights existing after the settlement. Both parties are haunted by a feeling of insecurity concerning their rights against third parties if the contract of settlement were executed. Nothing in *Aetna* supports the proposition that two parties can ask a court to tell them their rights against third parties *if* the two parties should decide to enter into a particular agreement in the future. Neither plaintiffs nor Defendant Better Maid has cited a case which supports this proposition. Such an opinion would clearly be advisory. The parties are asking the court to put itself in an "of counsel" position with the one difference that the court's advice becomes binding law. Regardless of how important this advice is to the parties, it cannot be constitutionally given in a court order at this time.

Plaintiffs have referred the court to Lumbermen's Mut. Cas. Co. v. Borden Co., 241 F.Supp. 683 (S.D.N.Y.1965). As plaintiffs have stated, the court in *Lumbermen's* did say that a declaratory judgment could be rendered regarding rights that were contingent upon the establishment of an underlying liability. To the extent that *Lumbermen's* may fairly be said to stand for this proposition, it is in conflict with this court's own decision in *Great Northern Paper Co., supra,* and is rejected. Moreover, a close reading of *Lumbermen's* casts doubt upon the application of the case to the particular fact situation involved in this case. The court in *Lumbermen's* was asked to render a declaratory judgment regarding three issues in a somewhat complicated fact situation. First, the court was asked by plaintiff insurance carrier to determine whether various defendant insurance carriers were liable for injuries caused by plaintiff's insured under "other insurance" clauses of policies issued by these other insurance carriers. Second, the court was asked to determine whether plaintiff's insured had relieved plaintiff of liability under its insurance contract because plaintiff's insured had breached a contract provision preserving the insurer's right of subrogation and prohibiting the insured from releasing any third parties from liability. Third, the court was asked to determine whether the insurer's payments to its insured would entitle plaintiff to subrogation against these same third parties if it were determined that plaintiff had not released the third parties from liability. Regarding the determination of the third issue, the court said it could make a declaration of Plaintiff Lumbermen's subrogation rights even though Plaintiff Lumbermen's liability to Defendant Borden had not yet been established in the initial damage suit filed by Borden. However, the court carefully explained why the ruling involving rights contingent upon the establishment of underlying claims of liability was not premature. In the damage action brought by the insured Borden against insurer Lumbermen's in Louisiana, one of Lumbermen's defenses was that Borden had breached the contract with Lumbermen's by releasing third parties possibly liable to Borden and thus liable to Lumbermen's by subrogation should Lumbermen's pay Borden. This was also the second basic issue in the declaratory judgment action brought by Lumbermen's against Borden and other carriers in New York. In both instances the question involved an application of the insurance contract provision to a disputed fact situation. The question was whether Borden had breached paragraph 23 of the insurance contract which provided:

> "Said policy No. 2XL 71499 provided that upon making any payment thereunder, plaintiff would be subrogated to Borden's rights of recovery therefor against any person *and that Borden would do nothing after any claimed accident to prejudice such rights.*" 241 F.Supp. at 686.

The third issue upon which a declaratory ruling was requested was merely the other side of the coin from this second issue. If the court decided that Borden had not breached paragraph 23 because it had not released the potential subrogees, it would also be deciding the third issue concerning whether Lumbermen's could be subrogated to Borden's claims against third parties, in the event Lumbermen's was found to be liable to Borden and paid any award. Thus the *Lumbermen's* case on which plaintiffs have so heavily relied is not as persuasive as they contend. In *Lumbermen's* as in *Aetna*, the court was involved ultimately with declaring rights that existed by virtue of an existing contract. The case did not involve a request by parties for a ruling on their rights if they should enter into a specified contract in the future.[5]

In summary, the court has concluded the motion for approval of settlement must be denied for the following reasons:

(1) In a Rule 23(e) motion for approval of settlement the court's function is to either approve or reject a proposed settlement. The considerations before the court in a Rule 23(e) motion are essentially different from the considerations before the court in an action for declaratory judgment. Consequently, the court should not make what is really a declaratory judgment in the context of approving a proposed settlement. Because the approval of the settlement here would also involve declarations, the "settlement" cannot be approved.

(2) Plaintiffs and Defendant Better Maid have offered for approval a settlement that is conditioned on various declaratory rulings by the court; thus they have really offered no settlement at all, and there is nothing for the court to approve at this time.

(3) Even if the plaintiffs' motion for approval of settlement could properly be considered as a prayer for declaratory relief, the requisite case or controversy is not present because

(a) the requested rulings involve a declaration concerning a right of contribution that is contingent on an underlying claim which has not yet been established; and

(b) the requested rulings involve a determination of rights that would accrue if a presently non-existent contract were agreed on in the future, rather than a declaration of rights of adverse parties under a presently existing contract. Clearly, any ruling concerning parties future rights under a proposed, but non-existent contract would be advisory.

■ This decision involves controlling questions of law that may materially advance the ultimate determination of the litigation. There is substantial ground for difference of opinion regarding these questions. Therefore, this order is certified as appealable pursuant to 28 U.S.C.A. § 1292(b).

---

5. Plaintiffs have also stated that they rely on the Fifth Circuit cases cited by the court in *Lumbermen's* for support of their argument that a "case or controversy" does exist in the instant case. A reading of the three Fifth Circuit cases most heavily relied on by the court in Lumbermen's does not bolster plaintiffs' arguments. In Dotschay for Use and Ben. of Alfonso v. National Mut. Ins. Co., 246 F.2d 221 (5th Cir. 1957), the court stated an insured could get a declaration regarding the duty of the insurer to settle the claim. Obviously, this situation involved determination of rights under an existing contract. Likewise, in American F. & C. Co. v. United States F. & G. Co., 305 F.2d 633 (5th Cir. 1962), the Court was concerned with declaring whether a person was an insured under an existing insurance policy. In Byers v. Byers, 254 F.2d 205 (5th Cir. 1958), Judge Brown began by stating that his ruling did not involve a determination of whether a sufficient case or controversy existed to issue a declaratory judgment.