· **Ralph ALTMAN, Plaintiff,**

v.

**LIBERTY EQUITIES CORPORATION et al., Defendants.**

**No. 70 Civ. 3484.**

United States District Court,
S. D. New York.

March 17, 1972.

See also D.C., 322 F.Supp. 377.

Sidney B. Silverman, New York City, for plaintiff.

Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, for defendant Peat, Marwick, Mitchell & Co.

Sachs, Greenebaum, Frohlich & Tayler, Washington, D. C., for defendant Liberty Equities Corp.

Pollack & Singer, New York City, for defendant Allen & Co.

Brown, Wood, Fuller, Caldwell & Ivey, New York City, for defendant Mason & Co.

Freedman, Levy, Kroll & Simonds, Washington, D. C., for defendant National Savings and Trust Co.

## OPINION

TYLER, District Judge.

In this class action, an order was entered on January 26, 1972 pursuant to F.R.Civ.P. 23(e) for the purpose of determining whether the stipulation of compromise and settlement proposed by plaintiff and defendants Liberty Equities Corporation (Liberty), Peat, Marwick, Mitchell & Company (PMM) and Allen & Co., Inc. (Allen) shall be finally approved as fair, reasonable, and adequate. The hearing on February 25, 1972 followed dissemination of appropriate notice thereof. At that hearing, no members of the class appeared to object to the partial settlement, but two non-settling defendants, Mason & Company (Mason) and National Savings and Trust Company (National), appeared to object to the court's order of January 26, 1972 and to the proposed stipulation on the grounds that the latter contains conditions which affect their rights and go beyond the requirements set forth in Rule 23(e), for dismissal or compromise of class actions.

This is a class action brought under § 10(b) of the Securities & Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 thereunder, 17 C.F.R. 240.-10b. The stipulation and compromise which led to the January 26, 1972 order provides that PMM, Liberty and Allen shall pay $285,000 for the benefit of the class and that such payment and settlement shall ". . . put to rest all further controversy as to them." The stipulation goes on to provide that the final judgment contemplated shall bar and permanently enjoin the non-settling defendants from prosecuting against the settling defendants any claim or claim over for indemnification or contribution arising out of the subject matter of this or any related action.

National and Mason object to this "bar order" or provision. In essence, it is their contention that absent this provision in the stipulation, they as non-settling defendants would and should have the right of contribution against the settling defendant or defendants in this case. Mason and National appear also to argue that, by its terms, Rule 23 (e), F.R.Civ.P. prevent any such condition or bar order. Hence, there are two ultimate questions before the court as a result of the hearing on February 25, 1972: (1) Is the proposed partial settlement of $285,000 to be contributed by three defendants fair, reasonable, and adequate; and (2) should this court strike the so-called bar order from the stipulation and compromise of settlement. For reasons to be discussed hereinafter, it is determined that both questions should be answered in the affirmative.

## I

THE PROPOSED PARTIAL SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE FOR PLAINTIFF AND THE CLASS WHICH HE REPRESENTS

As indicated heretofore, the settling defendants, comprising three out of twelve defendants in all, propose to discharge their liability to the class by paying $285,000. Based upon a questionnaire sent to all members of the class after the commencement of this case, it can be said that the known claims of the class approach the sum of $1,000,000. In other words, the three settling defendants are paying more than 25% of the known claims, and of course, the class is free to pursue recovery of the balance of these claims from the remaining nine defendants.

There has been no opposition to the settlement amount and no claim that this amount is inadequate or unfair. From what has already been said, it is apparent why this is so and thus not difficult to conclude that the proposed settlement insofar as the amount, is fair, reasonable and adequate in accordance with traditional Rule 23 F.R.Civ.P. considerations.

## II

### THE COURT, IN THE EXERCISE OF DISCRETION, SHOULD NOT INCORPORATE IN ITS ORDER AND JUDGMENT OF SETTLEMENT AN INJUNCTION BARRING THE NONSETTLING DEFENDANTS FROM SEEKING CONTRIBUTION OR INDEMNIFICATION

While the non-settling defendants do not contend that the proposed settlement is unfair to the class, they do complain that were this court to approve of the settlement subject to the aforesaid condition or bar order, they would be unfairly precluded as active litigants from seeking any recovery from the settling defendants by way of indemnification or contribution.

The effect of such a bar in a partial settlement is very nearly a question of first impression in class actions under the federal securities laws. Thus, while there is a policy in favor of settlements in class actions, cf. Weight Watchers of Philadelphia v. Weight Watchers Int., 455 F.2d 770 (2d Cir., 1972), there can also be no doubt that the non-settling defendants have a right to make cross claims, Rule 13(g) F.R. Civ.P., and to seek contribution in cases brought under § 10(b) of the Securities & Exchange Act. Globus Inc. v. Law Research Service, Inc., 318 F.Supp. 955 (S.D.N.Y., 1970), aff'd per curiam 442 F.2d 1346 (2d Cir., 1971). Furthermore, while there are cases holding that less than all of several jointly liable defendants may be dismissed on plaintiff's motion, see e. g. Philadelphia Electric Co. v. Anaconda American Brass Co., 42 F.R.D. 324 (E.D.Pa., 1967); Broadway & Ninety-Sixth St. Realty Co. v. Loew's, Inc., 23 F.R.D. 9, (S.D.N.Y., 1958), none of the cases so holding under federal law involve a bar of contribution or cross claims.

Apparently, only one case has, to date, considered the effect of such a bar upon a settlement in a federal securities case. In Wainwright v. Kraftco Corp., 53 F.R. D. 78 (N.D.Ga., 1971), the court held that Rule 23(e), F.R.Civ.P. precluded enforcement of a settlement which contained a bar of contribution from the remaining defendants. In so holding, the court found that as none of the defendants had a present right to contribution, the court was powerless to make any adjudications with reference to that subject.

While I do not quarrel with the result reached in Wainwright, *supra*, I cannot follow its analysis. In the first place, although both this case and *Wainwright* are class actions, I fail to see the special applicability of Rule 23, F.R. Civ.P to the issue presented; the validity of a bar against the remaining defendants seeking contribution from defendants who have settled with plaintiff. The objections of the non-settling defendants concern their rights and interests in this litigation. The rights and interests sought to be protected do not concern the plaintiff class in any way. Accordingly, the provisions of Rule 23, F.R.Civ.P by their terms do not pertain, and the objections to the dismissal of settling defendants must be governed by other considerations.

Although there has been some confusion as to whether Rule 21 or 41, F.R.Civ.P., would apply where (1) plaintiff seeks the dismissal of less than all of the defendants and (2) joint liability is a possibility, the matter was settled in Broadway & Ninety-Sixth St. Realty Co. v. Loew's, *supra*. There the court held that it mattered not which Rule

the court proceeded under for the Federal Rules, as well as the rule of reason, place the matter squarely within the discretion of the court. *Ibid.* 23 F.R.D. at 11. "In the exercise of this discretion the court must again consider the relative positions of the parties and whether prejudice will develop therefrom." Fair v. Trans World Airlines, 22 F.R.D. 60, 63 (E.D.Ill., 1957).

In cases in which voluntary dismissal of less than all defendants has been allowed, the courts have noted that the remaining defendants will still be able to preserve their rights, as by filing third party complaints. See Broadway & Ninety-Sixth St. Realty Co. v. Loew's, *supra;* Fair v. Trans World Airlines, *supra.* Where it has been determined that rights of remaining defendants would be diminished, the courts have denied dismissal. See Wood v. United Air Lines, Inc., 216 F.Supp. 340, 345 (E.D.N.Y., 1963).

Although the objecting defendants' arguments that the bar against their seeking contribution might be a sufficient deprivation to preclude this court from giving effect to the settlement, plaintiff and the settling defendants urge that the strong judicial policy in favor of settlements outweighs the prejudice to the remaining defendants. Specifically, the proponents of the settlement point to a statement in Gomes v. Broadhurst, 394 F.2d 465 (3d Cir., 1967) that: "[v]oluntary settlements are to be encouraged and a rule permitting contribution under such circumstances would not work toward that end." *Ibid.* at 468. Although the court was there discussing a negligence case under Virgin Island law, the proponents argue that its principles should work in this case as well. The proponents further argue that *Gomes* is an embodiment of the modern view as expressed in § 4 of the Uniform Contribution Among Tortfeasors Act (1955 Revised Act) that contribution should not impede settlements involving less than all defend-

ants. While noting that the Act has been adopted by a number of jurisdictions, they fail to mention that § 1(g) of the same Act provides: "This act shall not apply to breaches of trust or of other fiduciary duties." Handbook of the National Conference of Commissioners on Uniform State Laws, 223 (1955). Insofar as violations of Rule 10b–5 necessarily, in my view, involve breach of trust, it would seem to follow that the modern policy, as expressed by the Commissioners at least, does not pertain to this litigation.

█ The proponents next argue that where federal law is unclear and where it would not offend federal policy considerations, this court may look to the law of the forum state for guidance. Fishman v. Raytheon Mfg. Co., 188 F.2d 783 (2d Cir., 1951). While I do not think that the federal law is unclear and the subject of contribution is a far cry from statutes of limitation, I note that New York law would allow the bar to stand. It has long been settled in New York that the "right" to contribution does not accrue until two conditions precedent have been met: (1) a joint judgment, and (2) the defendant seeking contribution has paid more than his pro rata share. Fox v. Western New York Motor Lines, Inc., 257 N.Y. 305, 178 N.E. 289 (1931). This has been codified in N.Y. CPLR § 1401 and construed by New York State and Federal Courts to mean that contribution cannot be had as against a defendant who settled with plaintiff prior to judgment. Neiman-Marcus Co. v. Lait, 14 F.R.D. 159 (S.D.N.Y., 1953); Greyhound Corp. v. General Acc. Fire & Life Assur. Co., 14 N.Y.2d 380, 251 N.Y.S.2d 958, 200 N.E.2d 625 (1964); Piratensky v. Wallach, 162 Misc. 749, 295 N.Y.S. 581 (1935).

█ Thus, the position of proponents is understandable; if New York law, as summarized hereinabove, were to apply, it could be persuasively argued that since no right to contribution has

accrued in this case, it follows that there is no present right of the objecting defendants to assert possible claims of contribution or indemnification. In my view, this argument cannot withstand analysis. Whatever may have been the state of federal law prior to *Globus,* that decision stands for the propositions that there is a right to contribution in federal securities cases and that this subject is governed by federal law. See 318 F.Supp. at 958, n. 2; see also 3 Loss, Securities Regulation, 1739–40, n. 178 (1961); deHaas v. Empire Petroleum Co., 286 F.Supp. 809 (D.Col., 1968).

Although not squarely in point, *deHaas, supra,* which was cited by Judge Frankel in *Globus,* also made clear by analogy that federal law is or should be controlling on issues of this kind. Just as instructive is the result of *deHaas,* wherein the third party defendants moved for summary judgment on the third party complaint. In denying this motion, the district court found that defendants might be entitled to recover contribution from the moving third party defendant. From this, the court concluded that there was a potential right to contribution, about which there was an issue of fact sufficient to deny summary judgment. 286 F.Supp. at 815–16.

With these federal precedents in mind, I conclude that in the exercise of sound discretion this court cannot fairly approve of the proposed bar order in the stipulation of settlement. My reasoning may be simply summarized. Since *Globus,* there can be no doubt that the objecting defendants are entitled to contribution in section 10(b) cases, at least after judgment. Both *Globus* and *deHaas* make it clear that this right to contribution is federal and principles of state law regarding contribution ordinarily are not to be considered by this court. Furthermore, by applying the reasoning of *deHaas* to the case at hand, it can be said that the objecting defend-

ants presently have sufficient rights in their potential claims for contribution that a bar thereof would be prejudicial to their interests. Put differently, since no one can now be certain that this case will not go to judgment, and because federal law recognizes the right to contribution in cases of this kind, these are sufficient grounds to require this court to refrain from barring the non-settling defendants from such rights at this time.

There can be no doubt that this result may be read to cut athwart the policy consideration in favor of settlements of litigations, including class actions. Indeed, from the point of view of the plaintiff and the class which he represents in this case, it is at least theoretically possible that this ruling may work a deprivation of their contemplated partial recovery now of a substantial amount of money. These cogent considerations notwithstanding, I cannot approve of the proposed settlement so long as it contains the bar order. While there may be circumstances in which a court in its discretion should enforce such a bar provision, here I conclude that to cut off the remaining nine defendants at this early stage of the litigation from their rights of contribution or indemnification would be unjust.

Different considerations, however, might pertain in the event that the objecting and other non-settling defendants were eventually to reach a settlement with plaintiff and the class in this case. With this observation in mind, this court would approve of a substitute provision in the present stipulation of settlement providing that the non-settling defendants will be barred from seeking contribution from the settling defendants should the former achieve at some later time a settlement agreement with plaintiff and the class he represents.

Settle order or orders accordingly.