**FLORIDA POWER CORPORATION, Plaintiff,**

v.

**Ray GRANLUND, et al., Defendants.**

**STATE OF FLORIDA, ex rel. James C. SMITH, Attorney General of the State of Florida, et al., Intervenor-Plaintiffs,**

v.

**FLORIDA POWER CORPORATION, Plaintiff, Third-Party Defendant,**

**Ray Granlund, et al., Defendants.**

**No. 77–742–Civ–T–C.**

United States District Court, M. D. Florida, Tampa Division.

June 7, 1979.

---

Sylvia H. Walbolt, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P. A., Tampa, Fla., and S. A. Brandimore, Florida Power Corp., St. Petersburg, Fla., for Florida Power Corp.

Bernard C. Silver, Mitzel, Mitzel & Silver, Tampa, Fla., and Joseph H. Reynolds, Reynolds, Allen & Cook, Houston, Tex., for Ray Granlund and Rotary Oil Co.

Richard T. Earle, Jr., Earle & Earle, St. Petersburg, Fla., and Bernard J. Masterson, Masterson, Rogers & Patterson, P. A., St. Petersburg, Fla., for A. P. Perez.

William C. Sherrill, Jr., Chief Trial Counsel, Tallahassee, Fla., and Douglas C. Kearney, Asst. Atty. Gen., Tallahassee, Fla., for State of Florida.

James F. Rill, Collier, Shannon, Rill, Edwards & Scott, Washington, D. C., and William E. Hahn, Newman & Hahn, Tampa, Fla., for Tauber Oil Co.

Mellie H. Nelson, Dept. of Justice, Civil Div./Fed. Programs Branch, Washington, D. C., for U. S. Department of Energy.

Ellis C. McCullough, Houston, Tex., for James R. Clark.

Theodore C. Taub, Taub & Williams, Tampa, Fla., and Louis H. Shereff, Shereff Brothers, New York City, for Walter L. Ballard.

G. Ernest Caldwell, Caldwell, Moriarty & Baggott, Houston, Tex., and William T. Keen, Tampa, Fla., for John L. Burns and Larcon Petroleum, Inc.

Melvyn L. Cantor, Simpson, Thacher & Bartlett, New York City, and Robert R. Feagin, III, Holland & Knight, Tallahassee, Fla., for Aminoil U. S. A., Inc.

Andrew L. Jefferson, Jr., Jefferson & Maley, P. C., Houston, Tex., for Ronald Pruitt and Matrix Properties, Inc.

Joseph P. McNulty, McNulty, Moritz & Dickey, Chartered, Largo, Fla., Elihu H. Berman, Macfarlane, Ferguson, Allison & Kelly, Clearwater, Fla., Michael McK. Wilson, Associate Public Counsel, Tallahassee, Fla., for Citizens of the State of Florida.

Smith, Hulsey, Schwalbe, & Nichols, Jacksonville, Fla., and Thomas C. MacDonald, Jr. and Robert R. Vawter, Jr., of Shackleford, Farrior, Stallings and Evans, P.A., Tampa, Fla., for Charter International Oil Co.

## ORDER

CARR, District Judge.

This case presents an illustration of the difficulties which often accompany the settlement of a class action brought under Rule 23, F.R.Civ.P. Class actions have been described as "an invention of equity, mothered by the practical necessity of providing a procedural device so that mere numbers would not disable large groups of individuals united in interest, from enforcing their equitable rights nor grant them immunity from their equitable wrongs." *Montgomery Ward & Co. v. Langer,* 168 F.2d 182, 187 (8th Cir. 1948). (citation omitted). The Court is faced here with a procedural invention of unknown origin which bears a remarkable resemblance to the class action described above, and which has itself engendered considerable controversy in the context of this case.

The original complaint in this action was filed by Florida Power Corporation against Ray Granlund and other individual and corporate defendants (the original defendants). It is alleged that the defendants violated the antitrust laws of the United States in connection with sales of fuel oil among themselves and eventually to Florida Power. In addition, the original complaint alleges several other statutory and common law causes of action.

The State of Florida was subsequently allowed to intervene in this action. The intervening complaint names Florida Power as a defendant along with those parties named as defendants in the original complaint, with the addition of Tauber Oil Company. The intervening complaint contains essentially the same factual allegations as does the original complaint except, of course, those concerning the complicity of Florida Power. The intervening complaint also contains class action allegations. The action is brought by the intervenor on behalf of all consumers of Florida Power who are residents of the State of Florida as direct purchasers of electric power and as indirect purchasers of fuel oil during the pertinent time period.

After the filing of the intervening complaint, and prior to certification under Rule 23(c), F.R.Civ.P., the State and Florida Power entered into settlement negotiations which resulted in a written agreement stating a plan for the settlement of the class claims brought by the State as the representative of the consumers of Florida Power, and for distribution of settlement funds.

On January 12, 1979, the State and Florida Power jointly filed a Motion requesting that the Court tentatively certify the intervenor's suit as a class action for purposes of settlement only, without undertaking a formal Rule 23(c) inquiry. The original defendants object to this procedure and to certain terms of the settlement which they claim will prejudice them. Several members of the putative class have also filed objections.

The settlement agreement, a copy of which has been filed with the Court, establishes a settlement fund consisting of $6.5 million to be distributed to members of the subclasses which have been stipulated to by the parties to the agreement. A stated portion of this amount will be distributed to class members "in consideration for the assignment by [class members] of all claims, demands and causes of action . . . that they may have . . . against [the original] defendants and Tauber Oil Company . . . ." *Settlement Agreement* ¶ 2(b). Thus, the members of the settlement class who do not affirmatively opt out of the settlement under the provisions of Rule 23(c)(2), are deemed to have assigned to Florida Power the claim which the intervening complaint alleges that they have against the non-settling defendants. In addition to the initial payment which is earmarked as consideration for the claims of the class members, the class members will share in whatever recovery is had on the

assigned claims. A sliding scale increases the amount of the recovery retained by Florida Power as the total recovery increases.

The objectors argue that this procedure will allow Florida Power to gain the tactical advantage of becoming, in effect, a class representative on behalf of its consumers against the original defendants without the class being formally certified and thus subjected to the analysis prescribed by Rule 23. Florida Power and the State contend that prosecution of the assigned claims of the consumers would not constitute a class action, but only an amalgamation of individual claims which will be pursued by Florida Power as assignee. It is asserted that, while Florida Power may not be an adequate representative of the class members for purposes of Rule 23, the only concern under the suggested procedure should be whether the consideration for the assignments is adequate.

The question thus presented for the Court's consideration is a novel and difficult one. The Court recognizes the flexibility of Rule 23 and, more specifically, that the formation of tentative settlement classes is a recognized and useful tool for the amicable disposition of sometimes otherwise unmanageable class suits. This remains true despite the recommendations of the *Manual for Complex Litigation* to the contrary. *See, e.g., Ace Heating & Plumbing Co., Inc. v. Crane Co.,* 453 F.2d 30 (3d Cir. 1971); *City of Detroit v. Grinnell Corp.,* 356 F.Supp. 1380 (S.D.N.Y.1972), *aff'd,* 495 F.2d 448 (2d Cir. 1974); 3 *Newberg on Class Actions* § 5570(c) (1977). Clearly, settlements, especially in class actions, are to be encouraged. *See Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977). The settlement presented to the Court in this case however, presents problems contemplated neither by the authors of the *Manual for Complex Litigation,* nor by those who take the opposing position regarding the formation of tentative settlement classes. *Compare Manual for Complex Litigation* § 1.46 at 60–61 *and* A. Miller, *An Overview of Federal Class Actions: Past, Present and Future,* 56–63 (Federal Judicial Center

1977) *with* 3 *Newberg on Class Actions* § 5570(c) at 475–479 (1977).

■ When a settlement in a class action does not completely dispose of the action, the Court should scrutinize it closely regarding its effects on the future course of the litigation and the remaining parties. *E. g., Roper v. Consurve, Inc.,* 578 F.2d 1106, 1110 (5th Cir. 1978) (Class representatives may not terminate their duties by taking satisfaction; and in connection therewith the Court has special responsibilities to ensure that the dismissal does not prejudice putative class members). *See generally,* Dole, *The Settlement of Class Actions for Damages,* 71 Colum.L.Rev. 971 (1971); Almond, *Settling Rule 23 Class Actions at the Precertification Stage: Is Notice Required?,* 56 N.C.L.Rev. 303 (1978). Similarly, when non-settling defendants will remain against whom the class plaintiffs will continue to pursue recovery, the Court must consider any unfair prejudice which would result to the remaining defendants from the terms of a settlement. *E.g., Altman v. Liberty Equities Corp.,* 54 F.R.D. 620 (S.D.N.Y.1972) (Class settlement containing a provision which barred non-settling defendants from seeking contribution or indemnification from settling defendants rejected by the Court). The duty of the Court in this regard is especially important in the precertification stage of a class action.

■ In this case the aggregation of assigned claims which will be pursued by Florida Power is a direct by-product of the class settlement and must be viewed as an extension of the settlement. Through the use of the proposed procedure Florida Power, a defendant named in the intervening complaint, will pursue the claims of the intervening plaintiffs against its co-defendants and can thus avoid application of an *in pari delicto* defense. It will then receive a portion of any recovery which is had on those claims. Florida Power's share of such a recovery could easily exceed the entire amount which was paid out to class members pursuant to the settlement. In this manner, Florida Power could be indemni-

fied by its co-defendants. This would clearly contravene what the Court believes to be a sound policy against indemnification in antitrust actions. *See Professional Beauty Supply, Inc. v. National Beauty Supply, Inc.,* 594 F.2d 1179, 1186 (8th Cir. 1979).

The Court is additionally concerned with the question of finality and the binding effect of a judgment entered on the assigned claims. In the event of a judgment which was unfavorable, or was deemed inadequate by the consumer class, a class member/assignor could conceivably attempt to relitigate the issues in a separate action. *See Gonzalez v. Cassidy,* 474 F.2d 67 (5th Cir. 1973). If the prosecution of the assigned claims is treated as a class action, serious questions could then be raised concerning the adequacy of Florida Power as a class representative. *See East Texas Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). Collateral attack, in that instance, could prove successful, and "[d]efendants would thus be placed in the position of having gone through complex and extensive class action litigation only to be forced to relitigate the entire controversy against parties that would have participated in the judgment if it had been favorable to them." Note, *Collateral Attack on the Binding Effect of Class Action Judgments,* 87 Harv.L. Rev. 589, 601 (1974).

Without the assignment clause, which the parties to the settlement assert is indispensible, the use of tentative settlement classes in this case would most probably be proper and called for. However, the mass assignment which arises out of the settlement has all of the characteristics of a class action such that it becomes difficult to treat it as anything else. For whether one believes that there will be no class action after the settlement is ratified, only the prosecution of assigned claims; or that a quasi-class action will exist with Florida Power as class representative, it is unmistakably clear that the utilization of Rule 23 procedures generally, and the tentative settlement class procedure specifically, is essential to the feasibility of the assignment provision of the settlement. Thus, the argument advanced by the State and Florida Power that the class action aspects of the case will go away if and after the Court ratifies the settlement is untenable.

As stated above, the Court sees no difficulty per se with the use of tentative settlement classes. However, the form of the settlement agreement in this case makes the use of this procedural device suspect. The Court will not allow its use here. The case shall be set for a formal certification hearing pursuant to Rule 23(c) after a reasonable period for discovery.

The conclusion reached today is by no means a reflection of the Court's opinion concerning the fairness and adequacy of the amount of the settlement. The Court wishes to encourage all parties to continue settlement efforts. Clearly, in this situation, "a bird in the hand is to be preferred to the flock in the bush and a poor settlement to a good litigation". *Zerkle v. Cleveland-Cliffs Iron Co.,* 52 F.R.D. 151, 159 (S.D. N.Y.1971). It may well be that the settlement agreement reached could be re-negotiated with the deletion of the objectionable provision. The settlement might then be amenable to the use of the tentative settlement class procedure. Its present form, however, compels the result reached here.

In light of the foregoing, it is

ORDERED that the Joint Motion for Conditional Certification and Approval of Settlement Classes filed on January 12, 1979, is DENIED and this case will be set for a hearing to consider certification of the class alleged in the Intervenor's Complaint by further Order of the Court.

DONE AND ORDERED in Chambers at Jacksonville, Florida, this 7th day of June, 1979.