**PROFESSIONAL LIABILITY INSURANCE COMPANY, etc., Plaintiff,**

v.

**James S. POLLACK, M.D.; James S. Pollack, M.D., P.A.; and Physicians Protective Trust Fund, a Florida physicians self-insurance trust fund, Defendants.**

No. 93–170–CIV–T–17(A).

United States District Court,
M.D. Florida,
Tampa Division.

Aug. 4, 1993.

William S. Josey, Alpert, Josey & Grilli, P.A., Tampa, FL, for Professional Liability Ins. Co.

Donald Victor Bulleit, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, FL, for James S. Pollack, M.D.

Mason Henry Grower, Taraska, Grower, Unger & Ketcham, P.A., Orlando, FL, for Physicians Protective Trust Fund.

## ORDER ON DEFENDANT, PHYSICIANS PROTECTIVE TRUST FUND'S, MOTION TO VACATE OR ABATE JUDGMENT OF RESCISSION

KOVACHEVICH, District Judge.

This cause comes before the Court on Defendant, Physicians Protective Trust Fund's ("PPTF"), motion to vacate or abate Judgment of Rescission. Both Plaintiff, Professional Liability Insurance Company ("PLICO") and Defendants, James S. Pollack, M.D. and James S. Pollack, M.D., P.A. ("Pollack") have filed memoranda in opposition to PPTF's motion.

### BACKGROUND

Between the period of August 1, 1977 and April 26, 1992, Defendant, Pollack, had professional liability coverage with Defendant, PPTF. PPTF, by a cancellation notice dated February 25, 1992, terminated Pollack's policy on April 26, 1992. Pollack applied for coverage with PLICO, including coverage of prior acts dating back to August 1, 1977, by an application dated March 27, 1992, and received by PLICO on April 7, 1992. Pollack's application failed to mention risks regarding certain patients, although Pollack had advised PPTF about these potential risks. PLICO then issued "claims made policies" of professional liability insurance to Pollack. PLICO then purchased from PPTF, extended reporting endorsements ("tail") coverage.

PLICO, then brought the instant action pursuant to Section 627.409, Florida Statutes, seeking: 1) to rescind its policies on the grounds that Pollack did not mention, in its application, the patients who could be potential risks, 2) declaratory relief regarding the

applicability of the policies issued by PLICO to certain claims, and, 3) declaratory relief regarding the applicability of policies issued by PPTF as to these claims.

After PLICO filed its complaint, PLICO and Pollack entered into a settlement agreement and filed a joint motion for entry of a Judgment of Recision by this Court. Subsequently, on April 21, 1993, the Court entered a Judgment of Rescission which deemed the PLICO policies to be void *ab initio* and of no further force of effect.

Defendant, PPTF, then filed its motion to vacate or abate this Court's Judgment of Rescission, to which both PLICO and Pollack have responded.

## ANALYSIS

The Court has reviewed PPTF's motion to vacate or abate the Judgment of Rescission and PLICO'S and Pollack's responses in opposition to this motion. For the reasons stated below, the Court finds both PLICO's and Pollack's assertions, case law, and reasoning persuasive, and, therefore, incorporates PLICO's and Pollack's memoranda by reference herein.

PPTF, as a non-settling defendant, lacks the standing to object to the settlement agreement between PLICO and Pollack and to the procedures followed by this Court in approving the agreement. *In Re Beef Industry Antitrust Litigation,* 607 F.2d 167 (5th Cir.1979), *cert. denied,* 452 U.S. 905, 101 S.Ct. 3029, 69 L.Ed.2d 405 (1980). The threshold issue of standing in the instant action is analogous to the question regarding a plaintiff's standing to bring a cause of action in a federal forum. In general,

> federal standing requires an allegation of a present or immediate injury in fact, where the party requesting standing has 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues.' There must be some causal connection between the asserted injury and the challenged action, and the injury must be of the type 'likely to be redressed by a favorable decision.'

*Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 804, 105 S.Ct. 2965, 2970, 86 L.Ed.2d 628, 636–37 (1985) (citing *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663, 636 (1962); *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982)).

In the present case, PPTF, as a non-settling defendant is not prejudiced by the settlement, and, like a plaintiff without standing to bring suit, PPTF does not face a "present or immediate injury in fact" from the settlement agreement. *In Re Nissan Motor Corp. Litigation,* 552 F.2d 1088 (5th Cir.1977); *Shutts,* 472 U.S. at 804, 105 S.Ct. at 2970. PPTF, itself, states that it cannot state in good faith that PLICO and Pollack formed its settlement agreement in bad faith, as the result of collusion, or fraud. (Docket No. 14). This exception of formal legal prejudice does not apply to PPTF. The instant case is distinct from the situations where courts, including this Court, have found that non-settling defendants have met the formal legal prejudice standard. Only where a partial settlement agreement invalidates a non-settling defendant's contract rights or the right to assert an *in pari delicto* defense, does formal legal prejudice exist. *Quad Graphics, Inc. v. Fass,* 724 F.2d 1230, 1233 (7th Cir.1983); *Florida Power Corp. v. Granlund,* 82 F.R.D. 690 (M.D.Fla.1979).

In sum, the Court does not find it necessary to address the arguments asserted by PPTF in its "motion to vacate or abate Judgment of Rescission" because PPTF does not possess the standing to object to the settlement agreement and the Court's related Judgment of Rescission. Accordingly it is,

**ORDERED** that Defendant, PPTF"s, motion to vacate or abate Judgment of Rescission be **DENIED.**

**DONE and ORDERED.**