■ LEON V. CLUTE et al., Plaintiffs, v. HARDER SILO COMPANY, INC., Defendant and Third-Party Plaintiff-Appellant. EMPLOYERS LIABILITY ASSURANCE CORPORATION, LIMITED, Third-Party Defendant-Respondent.— Order insofar as it grants summary judgment dismissing third-party complaint unanimously reversed, with costs and motion denied, and otherwise order affirmed. Memorandum: This appeal is from so much of an order of Special Term which granted a motion by the respondent insurer, the third-party defendant, for summary judgment dismissing the third-party complaint. Respondent claims that it did not receive written notice of the occurrence as soon " as practicable " as required by the insurance contract. In September, 1969 appellant built a silo on plaintiff's farm. After the work was done it was found that the silo leaked. Starting in November, 1969 and continuing into the summer of 1970, appellant made efforts to correct the defects but was only partially successful. In September, 1970 plaintiffs started an action against defendants by serving a summons, but the complaint was not served until October 24, 1970. The complaint stated three causes of action: (1) damages for a defective silo, (2) damages for loss of corn as a result of the leak, and (3) to recover a penalty. Defendant-third-party plaintiff, alleged that throughout this period prior to suit, it thought the claim was one of customer dissatisfaction to be handled by repairs or adjustments to the construction. The demand for compensation for the loss was raised for the first time by a letter in August, 1970. It was not until the complaint was received on October 24, 1970 that the exact nature of the claim was specified. The insurer's agent was orally notified the day after the complaint was received. The claim apparently related, in part, to matters excluded from coverage under the policy and from October until December, 1970 the question was discussed between appellant's attorney and the agent. On December 2, 1970 the agent directed appellant's attorney to forward the

summons and complaint to him, but the agent sent the papers to the wrong carrier and they were not finally received by respondent until December 8, 1970. The appellant's policy contained the standard insurance clause requiring written notice of the occurrence to the insured or its agent as soon as practicable. Absent some excuse or mitigating circumstance, the court, rather than a jury, is to decide the question whether prompt notice of claim has been given to the insurer by the insured (*Deso* v. *London & Lancashire Ind. Co. of Amer.*, 3 N Y 2d 127). It has also been held that uncertainty or unawareness of coverage is an excuse or mitigating circumstance which presents a triable issue of timely notice for a jury (*Greyhound Corp.* v. *General Acc. Fire & Life Assur. Corp.*, 14 N Y 2d 380; *Gluck* v. *London & Lancashire Ind. Co. of Amer.*, 2 A D 2d 751, affd. 2 N Y 2d 953). There is a problem in measuring the delay in this case. Unlike the usual accident situation, the exact time when the insured occurrence took place is difficult to fix. Plaintiff testified that in November, 1969 the damage to his corn was minor and his only concern was to get the silo fixed. As time passed, additional occurrences or losses took place until the damages became substantial and moved him to assert his claim. Recognizing the fact that the plaintiff began to insist on damages of some sort in the summer of 1970, there still remain triable fact issues for a jury as to precisely when the occurrence took place and then to resolve the question of whether the appellant fulfilled its obligation to notify the carrier as soon as practicable. Furthermore, the case involved, in part, a cause of action in the nature of warranty concerning the design or construction of the silo (see Policy Exclusion A), a property damage claim resulting from the failure of the insured's product to work properly (see Policy Exclusion K), and a penalty, claims which arguably are not covered by the insurance. While the oral notice to the agent did not meet the policy requirements, the lengthy discussions concerning the coverage (apparently, the agent was even confused as to what carrier insured appellant) support appellant's argument that there were mitigating circumstances and an excuse for its delay sufficient to require a jury trial on the issue of timely notice. The order insofar as it granted summary judgment dismissing the third-party complaint should be modified to deny the motion of the third-party defendant for summary judgment and as so modified affirmed. (Appeal from order of Oneida Special Term dismissing third-party complaint.) Present — Del Vecchio, J. P., Marsh, Moule, Simons and Henry, JJ.