**Jack ADLER, et al., Plaintiffs,**

v.

**AZTECH CHAS. P. YOUNG COMPANY, et al., Defendants.**

**No. 91 CV 5042 (KMW).**

United States District Court,
S.D. New York.

Oct. 15, 1992.

Theodore Hadjiparaskevas, O'Donnell, Fox & Gartner, New York City, for plaintiffs.

Barry H. Goldstein, O'Sullivan, Graev & Karabell, New York City, for defendants.

## OPINION AND ORDER

KIMBA M. WOOD, District Judge.

Defendants move pursuant to F.R.Civ.P. 12(b)(6) to dismiss both counts of this ERISA and fraud action. Alternatively, they move, pursuant to Rule 9(b), to dismiss plaintiffs' fraud claim for failure to plead fraud with sufficient particularity, and, pursuant to Rule 12(f), to strike plaintiffs' requests for punitive damages and a jury trial on the ERISA cause of action. For the reasons explained below, I deny defendants' motion to dismiss the ERISA claim in its entirety, but grant defendants Devon's and Koch's motion to dismiss the ERISA claim against them, without prejudice to plaintiffs amending their complaint on that issue. I grant defendants' motion to dismiss the fraud claim for failure to state a claim and therefore need not reach their motion to dismiss for failure to plead fraud with sufficient particularity. Because plaintiffs apparently requested punitive damages only on their fraud claim, I grant defendants' motion to strike plaintiffs' request for punitive damages. Finally, I grant defendants' motion to strike plaintiffs' request for a jury trial without prejudice.

## I. BACKGROUND

### A. *The Events Precipitating This Action*

Plaintiffs are former employees of defendants Aztech Chas P. Young Company and KAR Financial Printing of New Jersey, Inc. (collectively referred to as "the companies"). They are suing their former employers because, they allege, defendants improperly failed to provide them with severance pay when the companies terminated plaintiffs' employment between April 1991

and May 1991. They are also suing Devon Group, Inc., Aztech's majority stock holder, and Bruce K. Koch, who served as both KAR's Chief Executive Officer and Aztech's Chief Executive Officer and as one of Devon's executive officers. Plaintiffs give the following account of the relevant events leading up to their termination.[1]

Throughout most of plaintiffs' tenure at Aztech and KAR, those companies maintained both a written severance plan and a more generous, unwritten severance plan. According to plaintiffs, the unwritten severance plan always ruled, a fact that was well known to all company employees. *See* Amended Complaint ¶¶ 9, 13. In December 1990, with the companies in financial difficulty and management attempting to find buyers for them, the companies notified all employees via a memorandum that the written severance policy was no longer effective and that the companies were reserving the discretion to pay or not to pay severance benefits to any employee terminated thereafter. *Id.* at ¶¶ 15–16. A short while later, however, the company distributed a severance plan providing for severance pay that conformed to the earlier unwritten policy. *Id.* at ¶ 17–18. While this new policy purported to leave management with discretion to pay or not to pay severance benefits, the company paid all employees terminated in December 1990 and January 1991 in accordance with the new policy's formula, and, more importantly for the current cause of action, management orally assured all remaining employees that this new formula would continue to govern employees' severance benefits until the companies' sale or closure. *Id.* at ¶ 19. Based on these assurances, plaintiffs remained in the companies' employ. *Id.* at ¶ 20. Nevertheless, when the companies ultimately terminated plaintiffs' employment in April and May 1991, they refused to give plaintiffs any severance pay. *Id.* at ¶ 20.

### B. *The Complaint and the Motions to Dismiss and to Strike*

Plaintiffs' amended complaint asserts two causes of action, one under the Em-

---

1. Since I am now called upon to decide a motion to dismiss, I must accept all of plaintiffs' allegations as true. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

ployee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132(e) *et seq.* ("ERISA"), and one for common law fraud. The ERISA cause of action, although not pleaded with great clarity, apparently alleges that the companies' post-December 1990 oral representations, combined with the December memorandum, established a new employee welfare plan; that the companies did not comply with ERISA requirements for administering that plan; and that defendants arbitrarily and capriciously refused to pay plaintiffs the severance benefits owed them under the plan, in breach of their ERISA-imposed fiduciary duties to plaintiffs. The fraud cause of action, which is pled more clearly and succinctly than the ERISA claim, alleges that despite the written December termination of the companies' severance policy, defendants induced plaintiffs to remain in the companies' employ by falsely promising that severance benefits would continue in accordance to the old formula. In an apparent intermingling of the two causes of action, plaintiffs request punitive damages because "Defendants willfully and maliciously denied plaintiffs their severance pay and egregiously violated their fiduciary duties to plaintiffs under 29 U.S.C. § 1104(a)." Amended Complaint ¶ 36. Plaintiffs request as damages the severance pay denied them and prejudgment interest, a declaration that "all severance rights are nonforfeitable and that the purported termination of the severance pay is ineffective and void as a matter of law," attorneys fees, and punitive damages. They also request a jury trial "on all issues so triable."

Defendants move to dismiss the amended complaint on a number of grounds and to strike plaintiffs' demands for punitive damages and a jury trial. Regarding the ERISA claim, Defendants argue that ERISA allows employers unfettered discretion to terminate severance benefit plans at any time and thus leaves plaintiffs without a cause of action. Alternatively, even if the amended complaint does state a claim against KAR and Aztech, they assert, I should still dismiss the action against defendants Devon and Koch because neither of those defendants had any relationship with plaintiffs upon which ERISA predi-

cates liability. As for the fraud cause of action, they request dismissal because ERISA preempts common law fraud actions, and, alternatively, because plaintiffs have failed to comply with F.R.Civ.P. 9(b)'s mandate to plead fraud with particularity. Finally, they move to strike plaintiffs' demand for punitive damages under ERISA based on that statute's prohibition of extra-contractual damages, and to strike plaintiffs' demand for a jury trial, because they allege that the relief plaintiffs seek is essentially equitable in nature. I will address each of these arguments in turn.

## II. DISCUSSION

### A. *Defendants' Motion to Dismiss the ERISA Claim*

#### 1. Against All Defendants

■ Defendants first argue that I should dismiss plaintiffs' ERISA claim against all defendants. Their argument has two subparts, each of which responds to different, possible interpretations of the complaint's ERISA allegations. First, to the extent that plaintiffs allege that defendants improperly terminated the severance plan, defendants argue for dismissal because ERISA allows employers to terminate severance plans at will. Because the companies' December memorandum clearly terminated the severance plan, they argue, plaintiffs' ERISA claim does not state a cause of action. Second, to the extent that plaintiffs claim, not that defendants could not terminate the plan, but instead that defendants' oral promises altered the severance plan, defendants assert that prevailing law does not allow for oral modifications of written welfare plans. Consequently, they assert, dismissal is proper whichever way I choose to interpret the complaint.

■ I can quickly address defendants' first argument. Defendants do correctly state that prevailing law allows an employer to terminate a severance plan at any time. *Reichelt v. Emhart Corp.*, 921 F.2d 425, 430 (2d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2854, 115 L.Ed.2d 1022 (1991). I do not, however, read either the complaint or plaintiffs' memorandum as disputing that defendants effectively terminated their *prior written* severance poli-

cies in December 1990. Instead, plaintiffs assert the claim to which defendants' second argument responds: defendants' oral representations, made when the companies terminated the old written severance plan, created a new plan under which plaintiffs were improperly denied benefits. Because defendants never terminated this latter plan or because defendants' failure to comply with ERISA's direction to memorialize such plans in a written instrument worked substantial harm upon plaintiffs,[2] plaintiffs argue, ERISA gives plaintiffs a cause of action for the companies' refusal to give them severance pay.

The complaint does not make clear whether plaintiffs are asserting that the alleged oral promises *modified* a new written plan or that the oral promises *were part and parcel* of a new, partially written plan. Because I am obligated not to dismiss a complaint unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief, *Madonna v. United States*, 878 F.2d 62, 65 (2d Cir.1989), I will interpret the complaint as making the former allegation—that the oral promises modified the new plan—which I find sufficiently states a claim.

It may be true, as defendants allege, that ERISA does not normally allow oral modifications to written plans. *See Moore v. Metropolitan Life Ins. Co.*, 856 F.2d 488, 492 (2d Cir.1988). The Second Circuit has indicated, however, that a showing "tantamount to proof of fraud" can overcome the prohibition on admitting oral modifications

of written plans. *Id.* Allowing such a showing to overcome the general prohibition on oral modifications is supported by the fact that, although ERISA largely preempted common law fraud claims, among others, it did so to ensure greater predictability for employers, but not to diminish the rights of employees. *See Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 114, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989) (hesitating to adopt interpretation of ERISA that "would afford less protection to employees and their beneficiaries than they enjoyed before ERISA was enacted"). Particularly in light of my dismissal of plaintiffs' fraud claims, accepting defendants' argument that ERISA denies plaintiffs any remedy even if defendants intentionally induced plaintiffs to stay in their employ by falsely promising them full severance benefits in the event of plaintiffs' ultimate termination, would leave employees substantially worse off than they were under pre-ERISA law.[3]

■ In short, since plaintiffs have alleged what could prove "tantamount to proof of fraud," I am unprepared to discount entirely, on a motion to dismiss, plaintiffs' allegations regarding the oral promises. For the purposes of this motion, plaintiffs have alleged sufficient facts that, if true, could prove that the companies established a new severance plan in December 1990, that defendants orally modified that plan, and that defendants improperly denied plaintiffs severance pay under those plan. Plaintiffs have alleged a claim upon which relief can be granted.[4]

---

**2.** The complaint is not clear whether plaintiffs are making only one of these claims or both. Resolving this confusion is not crucial at this stage, however, because I find either iteration of plaintiffs' claim sufficient to survive a motion to dismiss.

**3.** Indeed, this issue points to the primary problem with defendants' argument: it fails to address head on the issue defendants' motion requires me to resolve, which is whether, if it is true that defendants induced plaintiffs to stay in their employ by promising them full severance benefits in the event of plaintiffs' ultimate termination (and I must assume it is true for the purposes of this motion), ERISA leaves plaintiffs without any remedy whatsoever.

**4.** Even if plaintiffs were in fact alleging the second alternative—that the oral promises were

part of the new plan when it was created—it is unclear that dismissal would be warranted. Employees need not point to a written instrument that complies with ERISA's memorializing, filing, and reporting requirements to prove the establishment of a welfare benefit plan. As the Eleventh Circuit has explained: "In determining whether a plan, fund or program (pursuant to a writing or not) is a reality a court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir.1982) (*en banc*). If the surrounding circumstances alleged by the plaintiffs are true, a reasonable person could find the Eleventh Circuit's indicia of a welfare plan in the written memorandum and the oral prom-

2. Against Defendants Devon and Koch

■ Defendants next assert that whatever the status of the claims against the Aztech and KAR, plaintiffs' failure to allege any relationship between plaintiffs and defendants Devon and Koch upon which ERISA predicates liability mandates dismissal against those two defendants. I agree with defendants. ERISA imposes liability only upon fiduciaries—those who exercise discretion over the administration or management of a plan. *See* 29 U.S.C. § 1002(21)(A) (defining fiduciary) and § 1109 (imposing personal liability for breach of fiduciary duty). The amended complaint alleges no factual basis for characterizing either Devon or Koch as fiduciaries. Although plaintiffs did submit affidavits with their opposition to this motion containing factual allegations that might suffice to state a claim against Devon and Koch, those affidavits are inadmissible to cure the defect in a complaint when deciding a motion to dismiss. *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). Consequently, I dismiss plaintiffs' ERISA claim against Koch and Devon. In light of the affidavits' allegations, however, I will allow plaintiffs to amend their complaint if they can provide more than conclusory factual allegations tending to show ERISA liability on behalf on Koch and Devon.

B. *Defendants' Motion to Dismiss the Fraud Claim*

■ Defendants next move to dismiss plaintiffs' second cause of action for fraud. I agree with defendants that ERISA's express preemption of "any and all State laws insofar as they many now or hereafter relate to any employee benefit plan," 29 U.S.C. § 1144(a), requires dismissal of plaintiffs' fraud action. Plaintiffs' action indisputably relates to an employee benefit plan and as such, to the extent that it is brought as a state common law fraud claim, it cannot stand. *See Metzner v.*

*D.H. Blair & Co.*, 689 F.Supp. 262, 268 (S.D.N.Y.1988) (dismissing common law fraud claim as preempted by ERISA).

Apparently conceding that ERISA preempts state fraud claims, plaintiffs assert that their claim arises instead under federal common law. They cite the United States Supreme Court's opinion in *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), for the proposition that "courts are to develop a 'federal common law of rights and obligations under ERISA-regulated plans.'" *Id.* at 110, 109 S.Ct. at 954 (citation omitted). As the Ninth Circuit has explained in the context of a claim alleging federal common law fraud along with an ERISA claim, however, the Supreme Court was not authorizing federal courts to create new causes of action to append to ERISA claims. Instead, it was directing federal courts to develop a federal common law to aid in understanding the rights and obligations under ERISA when addressing claims pursuant to that statute. *Lea v. Republic Airlines, Inc.*, 903 F.2d 624, 632 & n. 11 (9th Cir.1990). *See also Reichelt v. Emhart Corp.*, 921 F.2d at 431–32 (rejecting similar claim regarding common law contract principles). Thus, although I will utilize the tenets of common law fraud in understanding rights and obligations under the alleged ERISA plan, I will do so in the context of plaintiffs' ERISA claim. Plaintiffs' fraud claim is dismissed.[5]

C. *Defendants' Motion to Strike Plaintiffs' Demand for Punitive Damages*

In response to defendants motion to strike plaintiffs' demand for punitive damages on both the first and the second cause of action, plaintiffs respond only by asserting that their demand for punitive damages on their fraud claim is proper. *See* Plaintiffs' Memorandum in Support Opposition

---

ises. The only remaining question, then, is whether the *Donovan* rule applies when there is some writing—the December memorandum—but it clearly does not comply with ERISA's rules governing recording of plans. Because I find that the complaint sufficiently alleges an

oral modification of a written plan, I need not decide that issue here.

5. Because I dismiss plaintiffs' fraud claim as preempted, I need not address defendants' request to dismiss it for failure to plead fraud with sufficient particularity.

to Defendants' Motion to Dismiss at 29. In light of plaintiffs' apparent interpretation of their own complaint as not requesting punitive damages on the first claim (or in the alternative their concession that punitive damages are not proper under ERISA) and my dismissal of the fraud claim, I grant defendants' motion to strike plaintiffs' claim for punitive damages.

### D. *Defendants' Motion to Strike Plaintiffs' Request for a Jury Trial*

■ Finally, defendants move to strike plaintiffs' request for a jury trial. They assert that plaintiffs are seeking equitable relief, which does not entitle them to a jury trial, and they support their argument with the claim that every circuit court that has addressed the issue has found no right to a jury trial in ERISA actions, *see e.g. Turner v. CF & I Steel Corp.*, 770 F.2d 43, 46–47 (3rd Cir.1985). Our circuit court, however, has implied that although there is no right to a jury trial when an ERISA plaintiff seeks equitable relief, a request for "damages for wrongdoing or non-payment of benefits" may invoke a jury trial right. *Katsaros v. Cody*, 744 F.2d 270, 278 (2d Cir.), *cert. denied*, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984). Moreover, at least some of those courts who have denied jury trials in ERISA actions have done so because they believed the actions not to involve disputed factual matters, but instead to address whether plan administrators appropriately exercised their discretion, an issue that "does not lend itself comfortably to the traditional jury trial." *Turner*, 770 F.2d at 46.

In this case, a disputed factual matter—whether or not defendants made the asserted promises and whether or not, if they did, plaintiffs can make a showing "tantamount to fraud"—may ultimately form the heart of any trial on this matter. As such, to the extent that plaintiffs are not seeking equitable relief, they may be entitled to a jury trial. The complaint, however, does not clearly make out a claim for other than equitable relief. Instead, it appears to request declaratory and injunctive relief. And it indicates that plaintiffs' right to relief may flow from defendants' breaches of fiduciary duty—a claim that may invoke equitable relief. As such, I am striking plaintiffs' request for a jury trial. I am so doing, however, without prejudice to plaintiffs' right to amend their complaint to make clear whether it is legal or equitable (or both legal and equitable) relief they are seeking.

### III. CONCLUSION

Defendants' motion to dismiss the first count of the complaint entirely is denied. Defendants Devon's and Koch's motion to dismiss is granted without prejudice to amend the complaint. Defendants' motion to dismiss the second count of the complaint is granted, with prejudice, as is their motion to strike the complaint's demand for punitive damages. Defendants' motion to strike the complaint's demand for a jury trial is granted without prejudice. Plaintiffs may amend their complaint on the issues so indicated within 20 days of the issuance of this opinion and order. The parties shall make any additional motions no later than December 15, 1992. They shall complete discovery by December 21, 1992. They shall submit a pre-trial order, requests to charge, and proposed voir dire no later than January 15, 1993, and shall be ready for trial on January 18, 1993.

SO ORDERED.