**Farecilpa LUGO, Plaintiff,**

v.

**AIG LIFE INSURANCE COMPANY, et al., Defendants.**

Nos. 90 Civ. 6462, 90 Civ. 7752 (MJL).

United States District Court, S.D. New York.

May 2, 1994.

---

Wolodymyr M. Starosolsky, P.C. by Wolodymyr M. Starosolsky, New York City, for plaintiff.

McCormick Dunne & Foley by Patrick F. Foley, New York City, for defendant.

Lester Schwab Katz & Dwyer by Saul Goldstein, New York City, for third party defendant.

## OPINION AND ORDER

LOWE, District Judge.

Before this court is an action brought by Farecilpa Lugo ("Plaintiff"), as the named beneficiary under two separate accidental death benefit plans (the "Plans"), pursuant to § 502(a)(1)(B) of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.A. § 1132(a)(1)(B) to recover benefits under the Plans. For the reasons set forth below, Plaintiff's action is dismissed.

## BACKGROUND

Plaintiff's husband ("Insured") died on October 8, 1984 after losing control of a van. The death certificate listed that he died of natural causes. Plaintiff completed and submitted claim forms to Hobart Corporation, the Insured's employer ("PMI" or "Third Party Defendant"). Plaintiff did not submit claims to defendant, AIG Life Insurance Company ("AIG" or "Defendant") until late 1987. Defendant denied Plaintiff's claims stating that Plaintiff was not entitled to collect under the Plans because the Insured's death did not occur within the terms of the policy.[1] Following a determination by the Worker's Compensation Board, stating that the Insured had died in the course of his employment as a result of injuries sustained in the October 8, 1984 accident, Plaintiff resubmitted her claim to AIG. AIG advised Plaintiff that the company would maintain its original position of denial.

In October 1990, Plaintiff commenced an action against AIG. Defendant contends that, as a matter of law, Plaintiff is not entitled to collect under the Plans because Plaintiff failed to give timely notice of the claim to Defendant. Plaintiff claims to have given notice of claim to PMI and argues that PMI is the agent of AIG for the purpose of filing claims. AIG maintains that PMI is not its agent and any notice given to PMI cannot be deemed to be notice to AIG.

In addition, Plaintiff argues that, even if PMI is not deemed to be AIG's agent, AIG, by not claiming a defense of late notice in its letters denying benefits, waived, or is estopped from asserting such a defense. AIG contends that the defense of late notice was preserved by the reservation of rights language in both denial of benefits letters.

Defendant also contends that Plaintiff's action is time-barred because the Plans provide that all actions must be commenced within

---

1. The policy provided coverage for loss sustained as a result of an accidental injury. The policy did not provide coverage for loss due to a disease or due to natural causes.

three years after the time written proof of loss is required to be furnished. Plaintiff claims that she is not barred from commencing this action because the limitations period under ERISA governs and her claim was brought within the limitation period provided by ERISA.

Finally, Plaintiff requests that she be given a jury trial. AIG contends that there is no right to a jury trial for equitable actions and since ERISA is governed by the law of trusts, Plaintiff is not entitled to a jury trial.

On May 10, 1993, this court issued a Rule 16 Order specifying four issues for the parties to address: (1) does the rejection of a claim with reservation of all rights keep alive claims of rejection not specifically stated; (2) are there any facts, admissible in evidence, to support the claim that the Defendant authorized PMI as Defendant's agent; (3) does the Plaintiff have a right to a jury trial in an ERISA case; and (4) what factors extend the limitation to commence suit period as stated in the Plans and are such factors present. The Court ruled that Plaintiff had offered no evidence that PMI was the agent of AIG such that notice of accidental death to PMI constituted either a notice of claim or proof of loss to AIG. The ruling was held in abeyance pending submission by the parties of evidence that PMI acted as AIG's agent for receipt of notice of claim or proof of loss.

## DISCUSSION

ERISA was enacted because Congress intended employee benefit plans to be an exclusively federal concern. Thus, the goal of ERISA is "to provide uniform, national regulation of benefit plans." *Aetna Life Ins. Co. v. Borges,* 869 F.2d 142, 147 (2d Cir.), *cert. denied,* 493 U.S. 811, 110 S.Ct. 57, 107 L.Ed.2d 25 (1989). ERISA contains a broad preemption provision, which provides that the provisions of the statute "shall supersede any and all State laws insofar as they may now or hereafter relate to any [covered] employee benefit plan." 29 U.S.C. § 1144(a). ERISA defines an employee welfare benefit plan as "any plan ... established or maintained by an employer ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance

..., ... benefits in the event of ... death." 29 U.S.C. § 1002(1)(A). State law is defined to include "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1).

ERISA's broad preemption provision, however, contains an exception: any state law which "regulates insurance" is exempt and "saved" from the preemption provision. 29 U.S.C. § 1144(b)(2)(A). But the scope of this "savings" clause is limited by the "deemer" clause, under which "an employee benefit plan ... shall [not] be deemed to be an insurance company or other insurer ... or to be engaged in the business of insurance ... for purposes of any State purporting to regulate insurance companies [or] insurance contracts." 29 U.S.C. § 1144(b)(2)(B).

### AIG's Defense of Late Notice

Plaintiff argues that because AIG failed to comply with New York Insurance Law § 3221(a)(6), which requires insurers to deliver to insured copies of "a certificate setting forth in summary form a statement of the essential features of the insurance coverage," AIG "has effectively waived and/or is estopped from asserting any rights (that plaintiff failed to comply with any policy provisions or limitations, etc.) related to the statute." (Pl.'s Br. at 4 (July 20, 1993)). In reply, AIG submits that Plaintiff admitted at deposition to having copies of the Plans in her possession at the time of Insured's death, (Def.'s Reply Br. at 4–5 (July 28, 1993)), and thus Plaintiff has failed to show that AIG did not comply with § 3221(a)(6).

■ This Court does not agree with Plaintiff's argument that AIG has waived or is estopped from asserting its rights because AIG violated § 3221(a)(6) of New York Insurance Law. Section 3221(a)(6) of the Insurance Law of the State of New York states:

"That the insurer shall issue either to the employer or person in whose name such policy is issued, for delivery to each member of the insured group, a certificate setting forth in summary form a statement of the essential features of the insurance coverage and in substance the following provisions of this subsection."

While Plaintiff contends that AIG has failed to comply with the provisions of this section, Plaintiff does not state how AIG failed to comply. Plaintiff makes no allegations that AIG did not issue to the employer (Hobart) *or* to the Insured, a certificate setting forth a statement of the essential features of the insurance coverage. Plaintiff states no facts which show that AIG failed to comply. Indeed, Plaintiff, at deposition, admitted to being in possession of the copies of the Plans at the time of the Insured's death. In addition, Plaintiff states no case law to support her argument that, a party will be deemed to have waived or is estopped from asserting its rights because of a failure to comply with a section of the New York Insurance Law.

While the parties do not argue that ERISA applies, this Court notes that ERISA also contains provisions requiring furnishing of plan description and summary plan description to participants and beneficiaries. 29 U.S.C. §§ 1022, 1024(b). Thus, it can be argued that New York Insurance Law is preempted by the ERISA provision. However, even if ERISA were to apply, Plaintiff still does not state any allegations which would suggest that AIG failed to comply with ERISA's requirements. Additionally, this Court is unaware of, and Plaintiff fails to cite to, any law which states that failure to comply with 29 U.S.C. §§ 1022 and 1024(b) would constitute waiver or estoppel of defendant's rights.

Plaintiff contends that should this Court find that AIG complied with § 3221, AIG, nevertheless, is estopped from asserting its defense of late notice because it failed to state such a defense in its rejection of claim letters. AIG argues that it neither waived, nor is estopped from asserting, late notice because AIG's letters denying benefits contained language reserving all its rights. AIG's denial letters reserve its rights and defenses without mentioning late notice.

Once again Plaintiff does not cite to any cases which support her contentions. AIG, in support of its argument relies on the decision in *Guberman v. William Penn*, 146 A.D.2d 8, 538 N.Y.S.2d 571 (2d Dep't 1989). *Guberman* held that unless the claimant could demonstrate that she suffered preju-dice, the insurer would not be barred from relying on a defense which it failed to assert in a disclaimer letter. According to the *Guberman* court, estoppel or waiver will arise only if (1) the insurer knew of the different grounds for disclaiming liability and yet omitted any reference to them in its original notice of disclaimer and (2) the insured was prejudiced by such omission.

This Court, however, can not follow *Guberman*, as the Second Circuit Court of Appeals has criticized *Guberman* and has refused to follow the decision. In *New York v. Amro Realty Corp.*, 936 F.2d 1420 (2d Cir.1991), the court of appeals stated that *Guberman's* reliance on out-of-state cases, which imposed the prejudice requirement where waiver is claimed, contradicted previous New York law. In addition, the *Amro* court found that *Guberman* "blur[red] the distinction the Court of Appeals [of New York] has attempted to preserve," and its apparent intent to apply the prejudice rule "both in cases of waiver and estoppel ... would essentially collapse the two concepts into one." *Id.* at 1432–33 n. 12. In light of the Second Circuit's decision in *Amro*, AIG's reliance on *Guberman* is misplaced.

The *Amro* court, however, noted that they did not address "the case where the insurer's disclaimer of [liability insurance] coverage based on specified grounds is accompanied by an express and unequivocal statement that other grounds for disclaimer are reserved and not waived." *Id.* at 1433. In *Amro*, the insurers disclaimed coverage on the claim, citing six reasons and stating, "[w]e reserve our rights to rely on additional reasons for disclaimer *should they become apparent in the future.*" (emphasis added). In *Amro*, the insurers reserved their rights with respect to defenses that were not currently apparent but which might become apparent in the future. The *Amro* court noted that the late notice defense did not "become apparent" after the State complaint was filed but rather was evident at the time the [insurer] issued its disclaimer letter. Here, AIG reserved its rights without limiting the disclaimer to defenses which may "become apparent in the future."

■ The state cases are clear that in order for a party to be estopped from asserting its defenses, a showing of prejudice is necessary. Plaintiff, other than a conclusory statement that it was prejudiced by AIG's failure to indicate its intentions to raise a late notice defense, offers no evidence that she was prejudiced. Thus, AIG is not estopped from asserting a defense of late notice.

The issue of waiver is a more troublesome one. As stated earlier, the Second Circuit rejects the *Guberman* court's holding that a showing of prejudice be made in order to assert that a party has waived its rights. Thus, it is not necessary for Plaintiff to allege prejudice to assert that AIG has waived its rights. The New York line of cases state that an insurer is deemed to waive a defense to coverage where other defenses are asserted, and where the insurer possesses sufficient knowledge of the circumstances regarding unasserted defense. *Amro*, 936 F.2d at 1431. However, there are no cases addressing the issue of whether a reservation of all rights keeps alive defenses not specifically stated.

■ These cases do, however, define waiver as "a voluntary and intentional relinquishment of a known right." Id. at 1431; *Albert J. Schiff Assos., Inc. v. Flack*, 51 N.Y.2d 692, 698, 435 N.Y.S.2d 972, 975, 417 N.E.2d 84, 87 (1980). In addition, the cases hold that an irrevocable waiver may be found where "the words and acts of the insurer reasonably justify the conclusion that with full knowledge of all the facts it intended to 'abandon or not to insist upon the particular defense afterward relied upon.'" *State of New York v. Amro Realty Corp.*, 936 F.2d 1420, 1431 (2d Cir.1991) (citing *Kiernan v. Dutchess County Mut. Ins. Co.*, 150 N.Y. 190, 195, 44 N.E. 698 (1896)). Under this standard, it can not be said that Defendants waived their rights. AIG specifically stated in its disclaimer letter that the "issuance of [the] denial is not to be interpreted as a waiver of any and all other rights and defenses that AIG Life Insurance Company may have under the policy provisions, all of which are hereby expressly reserved." It seems obvious that AIG did not intend to abandon any of its defenses. Therefore, under New York

state law, it cannot be said that AIG waived its right to, or is estopped from asserting, a defense of late notice.

Finally, it appears that Plaintiff makes an argument that AIG's failure to comply with § 503 of ERISA effectuates a waiver or estoppel of AIG's right to assert its defense of late notice. Section 503 provides:

In accordance with regulations of the Secretary, every employee benefit plan shall—

(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133.

■ ERISA preempts all state laws which relate to employee benefits plans, unless these laws regulate insurance. The Second Circuit has observed that "where a state statute 'creates no prospect of conflict with a federal statute, there is no warrant for disabling it from attempting to address uniquely local social and economic problems.' But [where] the state statute intrudes into an area that Congress intended to be fully occupied by federal statute, [the state statute is preempted] unless it is saved by the operation of ERISA's savings clause as a law that regulates insurance." *Howard v. Gleason*, 901 F.2d 1154, 1158 (2d Cir.1990) (quoting *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 19, 107 S.Ct. 2211, 2221, 96 L.Ed.2d 1 (1987)). Thus, it is possible for Plaintiff to argue that ERISA preempts the state law in this area and that federal common law prevails. Unfortunately, there are no federal cases which deal directly with the issue of whether a rejection of a claim with reservation of all rights keeps alive defenses not specifically stated. The only federal cases decided since ERISA took effect in 1974, pertaining to reservation of rights, deal with

fire or other liability insurance policies. *E.g. Bennett v. Allstate Ins. Co.*, 950 F.2d 1102 (5th Cir.1992) (fire insurer was not estopped from asserting affirmative defense of "contents fraud" because throughout investigation process, insured was reminded that insurer was not waiving any of its rights or defenses).

Where there is no federal common law, the Second Circuit has stated that " '[i]n appropriate circumstances, courts may develop a federal common law under ERISA.' In developing federal common law ... resort may be had to state law in a proper case." *Krishna v. Colgate Palmolive Co.*, 7 F.3d 11, 14 (2d Cir.1993) (quoting *Amato v. Western Union Int'l, Inc.*, 773 F.2d 1402, 1419 (2d Cir. 1985)) (citations omitted). But "even when it is appropriate for a federal court to create federal common law, it may use state common law as the basis of the federal common law *only if the law is consistent with the policies underlying the federal statute in question;* federal courts may not use state common law to re-write a federal statute." *Id.* (quoting *Nachwalter v. Christie*, 805 F.2d 956, 959–60 (11th Cir.1986)) (emphasis added).

 In examining the policy underlying ERISA, this Court believes that resort to state law is proper. Courts have noted that procedural defects do not necessarily entitle ERISA plaintiffs to substantive benefits. *Garred v. Gen. Am. Life Ins. Co.*, 774 F.Supp. 1190 (W.D.Ark.1991) (citing *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1096 (9th Cir.1985) ("A substantive remedy would be appropriate only if the procedural defects caused a substantive violation or themselves worked a substantive harm.")). Therefore, it is not inconsistent with the goals of ERISA, to state that an insurer's procedural defect will not estop a party from asserting its rights unless the procedural defects worked

a substantive harm. Plaintiff provides no evidence of prejudice. As stated earlier, Plaintiff also fails to show that AIG waived its defenses. Thus, AIG's failure to comply with § 503 of ERISA does not constitute a waiver or an estoppel of AIG's right to assert a defense of late notice. Therefore, this Court concludes that, AIG has not waived, nor is estopped from asserting, a defense of late notice.

Plaintiff contends that, even if the Court were to find that AIG did not waive, and is not estopped from asserting, a late notice defense, Plaintiff's failure to give timely notice does not invalidate the claim because Plaintiff had reasonable basis to believe that there was no applicable coverage under the accidental death benefit policies underwritten by AIG. Plaintiff argues that she was unaware that she had a cause of action against AIG because the death certificate indicated that the insured died from natural causes.[2] Plaintiff contends that it was only after she received notice of a Worker's Compensation determination, which stated that her husband died in an accidental death, did she realize that she had a valid claim.[3]

Plaintiff cites to cases that hold that uncertainty or unawareness of insurance coverage is an excuse or mitigating circumstance which presents a triable issue of timely notice for a jury. *Clute v. Harder Silo Co., Inc.*, 42 A.D.2d 818, 345 N.Y.S.2d 251 (1973); *Woolverton v. Fidelity and Casualty Co.*, 190 N.Y. 41, 82 N.E. 745 (1907). Defendant, in response, cites to *Todd v. Bankers Life*, 135 A.D.2d 1066, 523 N.Y.S.2d 206 (1987), which held that "alleged lack of awareness of possible eligibility for insurance benefits is generally not accepted as a reasonable excuse."

 While Plaintiff is correct that uncertainty or unawareness of insurance coverage is a mitigating circumstance which may pres-

---

**2.** Plaintiff's brief states that "under the circumstances of this particular matter, inclusive of but not limited to the death certificate which indicated that the insured died form natural causes, plaintiff had reasonable basis to believe that there was no applicable coverage." Plaintiff does not indicate what circumstances, other than the death certificate, led her to believe that there was no applicable coverage.

**3.** Plaintiff, while claiming that she was not aware she had a valid claim until after the determination by the Workman's Compensation Board, nevertheless, filed claims with both PMI and AIG prior to the determination. Thus, Plaintiff's argument that she did not give proper notice because she was unaware she had a valid claim is somewhat skeptical.

**194**

ent a triable issue of timely notice, such cases are limited in their scope. The cases which have allowed for such an excuse are limited to situations where the insured injured a third-party and did not know that there would be a claim against it which would be covered by the insurer. In *Clute*, the insured party believed that the claim for damages by plaintiff was one of customer satisfaction. The insured party did not know that plaintiff would assert any claims other than for customer satisfaction. The insured knew that his insurer would not cover such claims. It was only after the plaintiff filed a complaint seeking recovery for damages did the insured know the exact nature of plaintiff's claims. In *Merchants Mut. Ins. Co. v. Hoffman*, 86 A.D.2d 779, 448 N.Y.S.2d 68 (1982), a similar situation arose. There, the insured's son caused injury to a foster child ("Farr") of the insured. Farr never brought a claim and his medical bills were paid by the Department of Social Services. Five years later, Farr, as an adult, commenced suit against the insured. The insurer claimed that they were not liable as notice of the occurrence was not promptly given. The court in *Hoffman* held that since the insured was unaware that Farr would bring a claim against them, the insured's delay in giving notice was reasonable.

Where courts have recognized that delay may be reasonable where the party is unaware of liability, these courts are quick to note that "countenancing delay on account of uncertainty concerning primary liability should be indulged sparingly by the court." *Greyhound Corp. v. Gen. Acc. F. & L.A. Corp.*, 14 N.Y.2d 380, 251 N.Y.S.2d 958, 200 N.E.2d 625 (1964). In addition, where courts have allowed for uncertainty as a reasonable excuse for delay, these courts have often imposed a standard of a "good faith reasonable belief of non-liability." *See Security Mut. Ins. Co. of New York v. Acker–Fitzsimons Corp.*, 31 N.Y.2d 436, 441, 340 N.Y.S.2d 902, 905–906, 293 N.E.2d 76, 78–79 (1972); *Eveready Ins. Co. v. Levine*, 145 A.D.2d 526, 528, 536 N.Y.S.2d 87, 88–89 (1988). Plaintiff testified under oath, in a deposition, that she had forwarded claim forms seeking accidental death benefits before the Workers' Compensation determination. Thus, her claim that she was unaware that she had a valid claim until after the Workers' Compensation determination seems disingenuous.

Absent some excuse or mitigating circumstance, the court, rather than a jury, is to decide the question whether prompt notice of claim has been given to insurer by insured. Plaintiff has failed to show a valid excuse or mitigating circumstances which would necessitate a jury trial. Thus, it is proper for the Court to determine whether timely notice was given to AIG. This Court concludes that Plaintiff failed to give timely notice to the insurer.

*PMI as Agent*

Plaintiff asserts that notice was timely given because notice was given to PMI, an agent of AIG. This Court, in its order dated May 10, 1993, held that Plaintiff had offered no evidence that PMI was the agent of AIG. This Court held the ruling in abeyance pending submission by Plaintiff of evidence that PMI acted as AIG's agent, such that notice of accidental death to PMI constituted either a notice of claim of proof of loss to AIG. Plaintiff does not offer any evidence which would show that PMI was AIG's agent for purposes of notice. This Court concludes that, Plaintiff has failed to offer any evidence that PMI was the agent of AIG.

*Statute of Limitations*

AIG contends that Plaintiff's commencement of the present action is untimely because the Plans state that "[n]o ... action [at law or in equity] shall be brought after the expiration of three years after the time written proof of loss is required to be furnished." (Third Party Def.'s Letter Br., Exhs. D & E (May 13, 1991)). Plaintiff cites to § 413(a) of ERISA and argues that the present action was begun within the limitations period provided by ERISA.

Plaintiff argues that § 413(a) of ERISA applies rather than the limitations provision in the Plans and that the present action was

begun within the ERISA limitations period.[4] 29 U.S.C. § 1113. Plaintiff contends that AIG's June 23, 1989 denial letter was the "last action which constituted a part of the breach or violation." Plaintiff argues that since suit was begun shortly following the June 23, 1989 letter, Plaintiff's claim was timely brought under § 413(a) of ERISA.

Plaintiff's belief that § 413 applies is incorrect. That section is limited to actions with respect to a breach of a fiduciary duty. Courts have held that § 413(a) does not apply to actions brought under § 502(a)(1)(B) of ERISA. The Second Circuit has stated that since "ERISA does not prescribe a limitations period for actions under § [502], the controlling limitations period is that specified in the most nearly analogous state limitations statute." *Miles v. New York State Teamsters Conference Pension & Retirement Fund Employee Pension Benefit Plan,* 698 F.2d 593, 598 (2d Cir.), *cert. denied,* 464 U.S. 829, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983) (citing *Board of Regents v. Tomanio,* 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980)). Thus, the six-year limitations period under N.Y.Civ.Prac.L. & R. § 213 applies.

Section 213, however, is governed by § 201, which provides that "a shorter time [may be] prescribed by written agreement." *Compare Hart v. Anderson,* No. 77 Civ. 2680 (MJL), slip. op. at 23 (S.D.N.Y. April 24, 1981), *aff'd mem.,* 671 F.2d 492 (2d Cir.1981), *Scheirer v. NMU Pension & Welfare Plan,* 585 F.Supp. 76 (S.D.N.Y.1984) *and Moro v. Welfare Plan of NMU Pension & Welfare Plan,* No. 84 Civ. 9275 (WCC), 1985 WL 1896 (S.D.N.Y. July 11, 1985) (shortened limitations period in plan regulations applicable because regulations were written agreements) *with Davis v. NMU Pension & Welfare Plan,* 810 F.Supp. 532 (S.D.N.Y.1992) *and Bologna v. NMU Pension Trust of NMU Pension & Welfare Plan,* 654 F.Supp. 637 (S.D.N.Y.1987) (contrary outcome on same facts and issues). Since there can be little doubt that the Plans are written agreements, the shortened limitations period in the Plans applies.

Plaintiff does not argue that there are any factors which would extend the limitation period to commence suit as provided in the Plans. Therefore, Plaintiff's action is barred by the statute of limitations.

*Jury Trial*

There is no express provision for a jury trial under ERISA and the legislative history does not indicate that Congress intended such a right. Some courts, which depict employee benefit programs as trusts, a subject for equity courts, have held that there is no right to a jury trial. Other courts, which characterize employee benefit programs as contracts, grant jury trials. George Lee Flint, Jr., *ERISA: Jury Trial Mandated for Benefit Claims Actions,* 25 Loy.L.A.L.Rev. 361 (1992) (advocating jury trials under contractual legal remedies theory). The former courts rely on dicta of the Supreme Court incorporating trust law principles into ERISA. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). However, a more recent Supreme Court case seemed to suggest that ERISA does not automatically incorporate trust law remedies. *Mertens v. Hewitt Assocs.,* —— U.S. ——, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993).

This split in law is also reflected in this circuit, where some courts have relied on *Katsaros v. Cody* to find a right to a jury trial in an ERISA case. 744 F.2d 270 (2d Cir.), *cert. denied,* 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984). These courts have interpreted *Katsaros* as implying "that although there is no right to a jury trial

---

4. Section 413(a) of ERISA provides:
No action may be commenced under this title with respect to a fiduciary's breach of any responsibility, duty, or obligations under this part, or with respect to a violation of this part, after the earlier of—
 (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
 (2) three years after the earliest date (A) on which the plaintiff had actual knowledge of the breach or violation or (B) on which a report from which he could reasonably be expected to have obtained knowledge of such breach or violation was filed with the Secretary under this title;

when an ERISA plaintiff seeks equitable relief, a request for 'damages for wrongdoing or non-payment of benefits' may invoke a jury trial right." *Adler v. Aztech Chas. P. Young Co.*, No. 91 Civ. 5042 (KMW), 1992 WL 309548, at *5 (S.D.N.Y. Oct. 15, 1992) (quoting *Katsaros,* 744 F.2d at 278)). Therefore, whether a jury trial right exists depends on the nature of the action and, more importantly, on the nature of the relief requested. *Diduck v. Kaszycki & Sons Contractors, Inc.,* 737 F.Supp. 808, 810 (S.D.N.Y. 1990). Accordingly, jury trial demands have been granted for "legal" claims. *Dawes v. First UNUM Life Ins. Co.,* No. 91 Civ. 0103 (KMW), 1992 WL 350778 (S.D.N.Y. Nov. 13, 1992) (jury trial granted in suit for money damages); *Smith v. Union Mut. Life Ins. Co.,* No. 90 Civ. 1888 (LBS), 1990 WL 209456 (S.D.N.Y. Dec. 13, 1990) (jury trial available in suit for damages arising out of a contract); *Abbarno v. Carborundum,* 682 F.Supp. 179 (W.D.N.Y.1988) (jury trial granted in suit for damages for non-payment of benefits). In contrast, courts have denied jury trials when claims are "equitable." *Diduck,* 737 F.Supp. 808 (relying on law of trusts to conclude relief for breach of fiduciary duty was equitable in nature); *Blake v. Bank of New York,* No. 90 Civ. 4202 (JFK), 1992 WL 183632 (S.D.N.Y. July 23, 1992) (same); *Adler,* No. 91 Civ. 5042 (KMW), 1992 WL 309548 (jury trial denied in claim for equitable relief).

■ Plaintiff claims that she is seeking legal relief. Defendant contends that Plaintiff's action is one for equitable relief. Plaintiff seeks the benefits due to her under the Plans. She seeks an award of money damages, and, as such, her action is one seeking legal relief. While Plaintiff would be entitled to a jury trial, her action comes too late and is barred by the statute of limitations. Thus, Plaintiff's request for jury trial is moot.

### CONCLUSION

AIG did not waive its defense of late notice because its reservation of rights language in the letters denying benefits preserved it. Plaintiff has failed to submit any evidence that PMI acted as AIG's agent, such that notice of accidental death to PMI constituted either a notice of claim or proof of loss to AIG. Plaintiff's reliance on ERISA's six-year limitations period is misplaced. The Plans' three-year limitations period applies. Since Plaintiff has not argued what factors can extend such period, she is barred from bringing suit. There is a right to a jury trial for suits claiming legal relief. However, since Plaintiff's action is time-barred, this issue is moot. For the foregoing reasons, Plaintiff's action is dismissed.

It is SO ORDERED.