**NESTEGG FEDERAL CREDIT UNION, Plaintiff,**

v.

**CUMIS INSURANCE SOCIETY, INC. a/k/a CUNA Mutual Group, Defendant,**

No. 99–CV–1056.

United States District Court, N.D. New York.

Feb. 29, 2000.

---

Robert B. Cox, Ali, Pappas & Cox, P.C., Syracuse, NY, for Plaintiff.

Lewis Stockman, of counsel, Stockman, Wallach, Lentz & Gamell, New York City, for Defendant.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Senior District Judge.

### Background

On or about June 11, 1999, plaintiff initiated this action in New York State Supreme Court, County of Oswego, for breach of contract by an insured against its insurers. Plaintiff is a Federal Credit Union organized under the Federal Credit Union Act of the United States of America. Its principal office is located in the City of Fulton, Oswego County, New York. Defendant is a Wisconsin corporation duly authorized to do business and issue insurance policies within the state of New York. Its principal office is located at 5910 Mineral Point Road, Madison, Wisconsin. On July 7, 1999, the defendant removed this case from the New York state court to the United States District Court for the Northern District of New York, on the basis of diversity of citizenship.

In a motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure filed August 26, 1999, defendant sought dismissal of the complaint because it was untimely filed and because the institution of the action failed to comply with the policy's requirement that suit be started within twelve (12) months after the insured shall learn of the loss. Plaintiff's offered vigorous opposition to this motion. Because

matters outside the pleading were presented to and not excluded by the court, by order dated November 8, 1999, the court converted the motion to one for summary judgment and gave the parties appropriate time frames to provide further documentation.

In the supplemental summary judgment papers filed with the court, defendant renews it untimely filing of the complaint argument and further disclaims liability because plaintiff was aware that the employee responsible for the current loss claim committed a prior dishonest act thus voiding any coverage for the claimed loss.

From April, 1987, through 1998, plaintiff and defendant entered into transactions wherein plaintiff paid premiums to defendant for the issuance of Credit Union Bonds. These bonds were meant to provide an umbrella protective package for plaintiff's Credit Union whereby defendant agreed to indemnify plaintiff from and against any and all losses sustained by plaintiff as a result of a direct loss of any property caused by the fraud or dishonesty of any of the insured's employees or thought the failure on the part of a Financial Officer to faithfully perform his trust during any period covered by the Bonds.

Between February and May, 1997, it came to light that the Credit Union had sustained a loss. On or about December 15, 1997, based upon information developed from its internal investigation, plaintiff filed a proof of loss claim with the defendant alleging losses and damages in excess of $80,000.00, due to the fraud and dishonest acts of an unidentified employee. The claims stated that the loss occurred on September 3rd and 4th of 1991, through the manipulation of Credit Union members' certificates of deposit which were cleared through the Credit Union's corporate account. Plaintiff had also instituted an investigation in collaboration with state and federal authorities which continued throughout 1997 and 1998. On December 26, 1997, defendant sent a letter acknowledging plaintiff's continuing investigation and assigned an investigator on behalf of the insurance company to conduct an investigation for the defendant.

On February 6, 1998, plaintiff filed an amended claim request for additional losses explaining that plaintiff's ongoing investigation revealed that there was a further $39,853.47 in unexplained entries that could or could not be related to the losses previously claimed. The investigations of both plaintiff and defendant continued with each side granting each others requests to extend the contractual time limits for the filing and investigating of proof of loss claims.

The ongoing investigation by plaintiff and defendant subsequently disclosed that the loss totaled $81,600.00 and that it was caused by plaintiff's former employee Patricia Vescio. As a loss caused by the dishonest or fraudulent acts of an employee was covered in Bond, this information was promptly communicated to defendant.

In May of 1998, defendant's investigation uncovered that plaintiff had discovered a prior dishonest check kiting scheme undertaken by Patricia Vescio in early May, 1987, prior to the time when she allegedly committed the dishonest acts for which plaintiff was now making a claim. In a letter dated May 13, 1998, defendant advised plaintiff that it agreed to continue its investigation into the situation under full reservation of all rights and defenses under defendant's bond.

By letter dated June 5, 1998, defendant denied plaintiff's claim upon the ground that defendant's bond specifically stated that its coverage was terminated as respects subsequent losses caused by an employee as soon as the insured learns of any fraudulent or dishonest act on the part of such employee. Since plaintiff was aware of Patricia Vescio's previous dishonest actions in early May 1987, bond coverage ceased prior to the losses attributed to Patricia Vescio's dishonest activities just prior to her 1991 departure from plaintiff's employ.

## Discussion

Plaintiff initially filed a motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint on the grounds that plaintiff's complaint was not timely filed. Because matters outside the pleading were presented to and not excluded by the court, the parties were notified that under the provisions of Rule 12(b)(6), the motion would be converted to one for summary judgment as set forth in Rule 56. The parties each submitted further documentation to the court.

Rule 56 allows for summary judgment where the evidence demonstrates that "there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Summary judgment is properly regarded ... as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)(quoting Fed.R.Civ.P. 1). In determining whether there is a genuine issue of fact, a court must resolve all ambiguities and draw inferences against the moving party. See *United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176(*per curiam*) (1962). An issue of credibility is insufficient to preclude the granting of the motion for summary judgment, and neither side may rely on conclusory allegations or statements in affidavits. The disputed issues of fact must be supported by evidence that would allow a "rational trier of fact to find for the non-moving party," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Nor will factual disputes that are irrelevant to the disposition of the suit under governing law preclude any entry of summary judgment. See *Anderson*, 477 U.S at 247, 106 S.Ct. at 2510.

The conditions in the Bond pertinent to this action are as follows:

## GENERAL CONDITIONS

**2. NOTICE–PROOF–LEGAL PROCEEDINGS.** The Insured shall give to the Society or any of its authorized agents written notice of any loss under this Bond as soon as possible, and in any event not more that 20 days, after the Insured shall learn of such loss, provided that in the event of failure to give such notice within such 20 day period does not prejudice the society, the Insured may give such notice to the Society within a reasonable time after the Insured shall learn of such loss, and within 120 days after giving such notice the Insured shall file with the Society, an itemized proof of claim duly sworn to.

**9. TERMINATION AS TO EMPLOYEES AND DIRECTORS.** This Bond insofar as it covers losses caused by employees and directors, shall be deemed terminated as to subsequent losses caused by any employee or director (a) as soon as the Insured learns of any fraudulent or dishonest act on the part of such employee or director, without prejudice to the loss of any Property then in his or her custody, or (b) as soon as the Insured learns of a lack of faithful performance by such employee without prejudice to the loss of any Property then in his or her custody, or (c) at noon of the 15th day after receipt by the Insured of written notice of the Society's desire to terminate this Bond as to such employee or director.

The Society shall have 60 days after proof of claim is filed in which to investigate the claim. No action shall be brought against the Society under this Bond unless begun within twelve month after the Insured shall learn of the loss.

Defendant contends that plaintiff discovered its alleged loss between February and May 1997, therefore, under the terms of General Condition 2 of the bond suit was required to be instituted no later than May 31, 1998, but was not instituted until

June 11, 1999. Plaintiff maintains that defendant has either waived the limitations defense or is estopped from raising any claims based thereon because defendant made requests for additional information and conducted investigations or reviews which extended past or unreasonably close to the end of the contractual limitation period and caused plaintiff to delay initiating suit.

ﬦ Federal courts sitting in diversity apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities*, 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996); 28 U.S.C. § 1652.

In its motion, defendant contends that this action is barred because there was a contractual limitation period of one year for plaintiff to commence a legal action which expired on May 31, 1998. (pp. 1–2, Defendant's Memorandum of Law in Support of its Motion). In a letter dated June 5, 1998, David J. Lynett, defendants's Regional Bond Claims Manager, informed Casimir H. Sewruk, plaintiff's President/CEO, that CUNA Mutual Group was rejecting plaintiff's loss claim "on the basis the credit union discovered the principal (Patricia A. Vescio) was dishonest prior to the loss period." No other grounds were stated for rejecting plaintiff's claim, and the letter contained no reservation of rights to rely on additional reasons for disclaimer.

ﬦ Under New York law, an insurer may be deemed to have waived any defense not articulated in its first disclaimer of coverage. *Commercial Union Insurance Company v. International Flavors & Fragrances, Inc.*, 822 F.2d 267, 274 (2d Cir.1987). In New York, the act of an insurer disclaiming on certain grounds but not others when the insurer possesses sufficient knowledge (actual or constructive) of the circumstances regarding the unasserted defenses, is deemed *conclusive* evidence of the insurer's intent to waive the unasserted grounds. *State of New York v.*

*AMRO Realty Corp.*, 936 F.2d 1420, 1432 (2d Cir.1991)(emphasis in original); *Lugo v. AIG Life Insurance Company*, 852 F.Supp. 187, 192 (S.D.N.Y.1994). The doctrine of waiver by the insurer evolved because of courts' disfavor of forfeitures of the insured's coverage which would otherwise result where the insured breached a policy condition, as for instance failure to file a timely legal action. *Albert J. Schiff Associates, Inc. v. Flack*, 51 N.Y.2d 692, 698, 435 N.Y.S.2d 972, 975, 417 N.E.2d 84 (1980). To defeat the forfeiture, courts find waiver where there is direct or circumstantial proof that the insurer intended to abandoned a defense. *Id.*

ﬦ When New York's constructive waiver rule is invoked by the content and circumstances of an insurer's disclaimer, the waiver must be determined as a matter of law. *State of New York v. AMRO Realty Corp.*, 936 F.2d at 1432. In the instant case, according to the defendant's calculations, the defense of failure to file a timely complaint existed at the time of defendant's disclaimer letter, and since it was not raised in the disclaimer letter, defendant cannot now assert it in its motion as its basis for the granting of summary judgment.

Accordingly, defendant's motion for summary judgment is **DENIED.**

**IT IS SO ORDERED**